## CARR *et al.,* executrixes, *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

The petition in this case was subject to the general demurrer, and the court did not err in dismissing the case.

JANUARY 14, 1914.

Action for breach of contract. Before Judge James B. Park. Hancock superior court. September 23, 1912.

Mrs. Dorcas Ann Carr and Mrs. Anna Thornton, as the executrixes of the last will and testament of J. D. Carr, brought suit against the Louisville and Nashville Railroad Company and the

Atlantic Coast Line Railroad Company, as lessees of the Georgia Railroad and Banking Company, to recover the sum of $1,750, for a breach of the following contract, alleged to have been entered into between J. D. Carr, before his death, and the Georgia Railroad and Banking Company, to wit: "State of Georgia, Hancock County. This contract made the ———— day of ———— in the year of our Lord One Thousand, Eight Hundred and Ninety-Eight, between J. D. Carr of Hancock county, party of the first part, and the Ga. R. R. Co. of the second part, do contract a piece of land at Peavy Creek for a pumping-station for water supply, also pipe-line from pumping-station to water-tank. Said J. D. Carr to operate said pump his lifetime; at his death his wife and daughter to operate it; also have use of water free of charge on his premises from water-tank. J. D. Carr; Tho. K. Scott, H. J. Byrne—M. Arnold, N. P. & J. P." It is alleged that the plaintiffs are the widow and daughter, respectively, of the testator. The contract was performed by J. D. Carr and the Georgia Railroad Company until his death in October, 1907; since which time the defendants have failed and refused to perform the same, and have refused to allow the plaintiffs to perform and keep the same. It is alleged that the compensation paid J. D. Carr by the railroad company until his death was $35 per month; that there was an implied obligation in the contract for the payment by the company of a reasonable compensation for the services to be rendered by Carr, and that the above amount was agreed to between the parties as a reasonable compensation, and is binding as a part of the contract. Plaintiffs allege, that they had the right, after the death of J. D. Carr in 1907, to operate the pump during their lives, and that they have been "ready and willing" to perform these services at all times since his death, and to receive the compensation agreed to be paid: that they did operate the pump for one month, for which services they received the sum of $35; that at the expiration of this period the defendants refused to allow them to continue the services, discharged them, and refused to pay them the compensation they were entitled to for operating same; that though they, as executrixes of J. D. Carr's estate, had charge of his estate and all the papers thereof, and made thorough search through all of his papers, they did not know of the existence of this contract until the fall of 1911; but that the defendants well knew of the existence of the

contract. The plaintiffs operate a gin at Carr's Station. The defendants refuse to furnish them water to operate the gin in accordance with the terms of the contract for a period of three years, causing them inconvenience and damage, for which they sue. Certain amendments to the petition were offered by the plaintiffs, which were disallowed by the court. The general demurrer was then sustained, and the petition dismissed. The plaintiffs except to this judgment.

*Hines & Vinson, R. W. Moore,* and *R. L. Merritt,* for plaintiffs.

*Joseph B. & Bryan Cumming* and *Burwell & Fleming,* for defendants.

HILL, J. (After stating the foregoing facts.) The case turns upon the question whether the contract is sufficiently definite to be enforced by ·the widow and daughter of J. D. Carr. The contract is on its face void for uncertainty as against the plaintiffs. It does not even purport to be signed by the Georgia Railroad and Banking Company or any one authorized by it. Plaintiffs offered to amend the petition by alleging that the "contract was executed on behalf of the defendants by T. K. Scott, and that when the said Scott signed the same he did so as the agent and manager of the defendants," and that "T. K. Scott, the manager of the defendants' road, had personal knowledge of the existence of the contract sued on, and of plaintiffs' rights thereunder, which knowledge came to him at the time of the execution of the contract." These amendments were properly disallowed. To thus change the contract would be to allow a violation of the rule which forbids the use of parol evidence to add to, take from, or vary a written contract. Civil Code (1910), § 4268. "A conveyance should be executed in the name of the grantors." 13 Cyc. 553. But assuming that the contract was made and performed by the parties thereto from the time of its execution in 1898 to the death of J. D. Carr in October, 1907, as alleged in the petition, this could not, without more, extend the operation of the contract further than to the Georgia Railroad Company and J. D. Carr. There is nothing on the face of the contract itself to include the plaintiffs, so far as its being a binding contract as to them is concerned. They did not sign it, and had no information concerning it until the fall of 1911, soon after which time they commenced the present suit. And while the petition alleged that the plaintiffs performed the services

of operating the pump "under the contract" for about a month after the death of J. D. Carr, it is obvious that if they had no knowledge of the existence of the contract until about four years later, the services could not have been rendered "under the contract."

The foundation of the suit being the contract, it must be a valid, subsisting contract between the parties thereto, and for the benefit of the plaintiffs, and not such an one as is made by the courts for them. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The plaintiffs in the case must stand upon the contract as made by the parties. And they are not entitled to recover under the allegations of this petition, because it shows on its face that they never performed the services which it is alleged that J. D. Carr, the husband and father, contracted that they should perform; and there is no allegation that they ever offered to perform such services. It is not sufficient that they were "ready and willing" to perform. But the argument is that they were not aware of the existence of the contract until nearly four years after the testator's death. This can not excuse the plaintiffs. It is nowhere suggested that the defendants ever had the contract, or even a copy or duplicate of it. The plaintiffs as executrixes were entitled to the possession of the decedent's estate, and were as much bound to know of its existence as the testator was in his lifetime.

The contract is void as to the plaintiffs, because there is nothing in it specifying any amount to be paid the plaintiffs for their services. It is true the petition alleges that the sum paid Mr. Carr in his lifetime, to wit $35 per month, was paid by agreement between J. D. Carr and the Georgia Railroad Company, which agreement was a fixing between the parties of the compensation to be paid under the contract, and that this agreement makes certain what compensation should be paid, under the implied obligation in the contract to pay a reasonable compensation for the services; but there is nothing in the contract by its terms that would so bind the defendants and the plaintiffs to that sum. All that can be said of that contention is that that was the sum received by Mr. Carr during his life, not according to the terms of the written contract, but by an extrinsic agreement between him and the defendant company. Such a measure could not apply to the plain-

tiffs, who desire to take his place; for the contract nowhere specifies such an amount, and this court must construe the contract as it is.

Another uncertainty in the contract is as to the time that the services of the plaintiffs should be performed. There is no fixed time during which the plaintiffs should perform the services stated in the contract. In the case of J. D. Carr the time *was* stated as for his life, but with the plaintiffs no time is designated. The plaintiffs in error insist that it is for their lives, but this construction is outside the written contract. Is it for their joint lives? or until the first one dies? or the last one? And if the latter, is the survivor to get the same compensation that was paid to both? We are left merely to conjecture as to all of this. It is insisted, that, no time being specified, a reasonable time would be the rule, and that the period covered by this suit is within such reasonable rule. But in order to give life and force to all these suggestions, we must read them into the contract, which is itself silent as to the time of performance.

Again, the contract does not designate any specific quantity of water that the plaintiffs are entitled to use. The petition alleges that the plaintiffs operate a gin at Carr's Station, and that water to supply the same is necessary; but if so, the contract is silent as to this, and it would have to be changed to give it that construction. If the plaintiffs are entitled to the use of water for any purpose, what is the purpose for which it may be so used, and how much— all of it, or half of it? Again we are left to conjecture, and to add to the contract, if we are to give it the construction insisted upon. The rule as to certainty is thus laid down by Chitty on Contracts: "The rule as to certainty is that the agreement must be so certain and complete that each party may have an action on it." The converse holds equally true, viz., that where a contract is so uncertain and incomplete that neither party can maintain an action on it, it is void for uncertainty. How much water then, we repeat, can the plaintiffs recover for, if at all? No amount being specified, the alleged agreement is void under the rule laid down above.

From a review of the whole case, we think the court properly sustained the demurrer.

*Judgment affirmed. All the Justices concur; except Fish, C. J., absent.*