WHEELER *v.* POOLE (JACKSON); et vice versa.

Nos. 16416, 16425. NOVEMBER 17, 1948.

*Miller & Head*, for plaintiff.

*T. J. Henry, S. S. Robinson*, and *E. E. Moore Jr.*, for defendant.

WYATT, Justice. The petition in this case seeks to reform each of the notes sued on by inserting "just before the signature of said notes the words, 'Witness my hand and seal.' " Reformation is sought upon the ground of a "mutual mistake." The language of the petition upon which this relief is sought is as follows: "Petitioner seeks to have equity reform said notes by adding to each in its body, preceding the signature, the words, 'Witness my hand and seal,' on the ground that that language was what the parties intended to use and do, and that those words were omitted by manifest error and mistake."

This court, in *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.*, 192 *Ga.* 166, 173 (14 S. E. 2d, 879), said: " 'Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power should be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake.' Code, § 37-202. 'Equity will not reform a written contract unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only.' § 37-207. 'A distinction exists between reforming a contract and executing a contract in case of mistake. To authorize the former, the court

shall be satisfied by the evidence that the mistake was mutual; but the court may refuse to act in the latter case if the mistake shall be confined to the party refusing to execute.' § 37-208. 'Ignorance by both parties of a fact shall not justify the interference of the court.' § 37-210. There are other instances which justify reformation, but they are not material here. The demurrer challenged the sufficiency of the allegation to show a relievable case of mistake of fact. The allegations on this subject are: '6. The plaintiff shows that while both the aforementioned deeds described the property conveyed as lots 5 and 6, square 26, in the City of Macon, and a certain previously granted encroachment, which said lots and encroachment were of the dimensions stated therein, yet that it was the contract and so intended by the parties to each said deed to convey to each grantee all the ground upon which the purchased buildings, with machinery and equipment attached thereto, stood. 7. That by mutual mistake of the parties all the land intended to be conveyed was not properly described in either the deed from Sawyer Coal & Ice Company to Macon Ice Service Company or in the deed from Macon Ice Service Company to the Kinnett-Odom Company, which is evidenced by the fact that after obtaining the deed from the Macon Ice Service Company, petitioner discovered that certain of said buildings and attachments thereto formerly believed to be on the land described in the deed in reality extended and encroached over upon Mulberry Street adjoining twenty-two and five-tenths (22.5) feet, more or less. 8. Plaintiff alleges that it was therefore the contract and the intention of the grantor and grantee in each aforementioned and described deed to respectively convey and receive title to said 22.5 foot tract lying in Mulberry Street, upon which tract said buildings extended.' The rules of pleading in this State require that allegations of mistake should be set forth with considerable definiteness and certainty, and that such general allegations as that certain matters were left out of or included in the contract as written 'by mutual mistake of the parties' are not sufficient. *Dover* v. *Burns*, 186 *Ga.* 19 (196 S. E. 785); *Gamble* v. *Knott*, 40 *Ga.* 199."

In *Frank* v. *Nathan*, 159 *Ga.* 202, 208 (125 S. E. 66), this court held: " 'In all cases of mistake of fact material to the con-

tract, or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve.' Civil Code, § 4580. But a bill of complaint in a suit to reform a written instrument must clearly and distinctly state what was the contract or agreement between the parties, and show what part of the contract was omitted when it was reduced to writing, or what portion of the contract as it was expressed in the writing was not embraced in the original contract. 'If mistake is relied on, it must be distinctly charged and stated with precision, the particular mistake being shown and how it occurred. In other words, the pleader should state why the terms of the actual contract happened to be left out, or how terms not agreed on came to be inserted.' 23 R. C. L. 361." See also *Martin* v. *Turner*, 166 *Ga.* 293, 295 (143 S. E. 239).

In the instant case, no effort is made to show why the language sought to be inserted was left out of the notes, or how the mistake occurred. The language used in the petition in this case, upon which the prayer for reformation is based, clearly does not measure up to the rules laid down in the cases cited.

It follows that there was no error in the judgment sustaining the general demurrer and dismissing the petition.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*