## 38592.   UNITED STATES FIDELITY & GUARANTY COMPANY *et al.* v. COASTAL SERVICE, INC.

DECIDED FEBRUARY 7, 1961.

134

*Louis D. Yancey, Jr.*, for plaintiffs in error.
*James Barrow, Denny C. Galis,* contra.

BELL, Judge. ■ For the reasons hereinafter given, the trial court did not err in overruling the motion for judgment notwithstanding the verdict. See *Quaker City Life Ins. Co. v. Sutson,* 102 Ga. App. 53, 55 (115 S. E. 2d 699). Neither was there error in overruling the motion for new trial on the general grounds.

■ Ground 4 of the amended motion for new trial assigns error in admitting in evidence, over the objection of the plaintiffs, the sureties, testimony of the defendant in fi. fa., Gilbert, with respect to his prior ownership of certain businesses, to the effect that an automobile collision terminated his operation of those businesses in April, 1950, and "a receiver was appointed for my business while I was incapacitated, and I was subsequently declared a bankrupt while I was incapacitated, or while I was affecting [sic] a recovery." The plaintiffs, the sureties, objected to this testimony on the ground that it was irrelevant, immaterial and prejudicial, since the issue on trial was whether or not the property levied on was the property of Gilbert, the defendant in fi. fa.

This objection is not well taken. This is so for the reasons, collectively, that: (1) the defendant in fi. fa., Gilbert, is not a party to this issue before us; (2) the actual issue here is whether the claimant, Coastal Service, Inc., owns the property levied upon; and (3) the claimant, Coastal Service, Inc., offered ample evidence from which the jury could conclude, as it did, that the claimant corporation did in fact own the property. It is thus obvious that while the testimony objected to was clearly irrelevant, it was not prejudicial, as the pitiable personal status of Gilbert and any sympathy his fiscal condition may have engendered in the minds of the jury may not be construed as inuring to the benefit of the claimant corporation.

■ Ground 5 of the amended motion for new trial assigns error in admitting testimony to the effect that cigarette vending machines are customarily installed in filling stations in northeast Georgia. The plaintiffs contend that this evidence was erroneously admitted over objection because the only issue raised was as to whether or not Coastal Service, Inc., the claimant, under its charter as a corporation had the right to go into the business of cigarette vending machines. This special ground is without merit and was properly overruled, for even were the admissions of this evidence error, the plaintiffs in fi. fa., the sureties, are not proper parties to attack such an act even were it ultra vires. See 19 C. J. S., Corporations, § 1112, and cases there cited. See also *Richmond Cotton Oil Co. v. Castellaw*, 134 Ga. 472 (67 S. E. 1126); *Central R. Co. v. Collins*, 40 Ga. 582; and *Kohlruss v. Zachery*, 139 Ga. 625 (77 S. E. 812, 46 L.R.A. (NS) 72).

Ground 6 assigns error in the admitting of evidence as to the payments by the claimant corporation for the cigarette vending machines, on the ground that it had not been shown that the corporation had the authority to purchase the machines. This ground of the motion was properly overruled, for the reasons previously stated.

Ground 7 assigns as error the admitting of the testimony of the defendant in fi. fa., Gilbert, to the effect that notes for the purchase of the cigarette vending machines were paid with

funds belonging to the claimant corporation. The plaintiffs, the sureties, objected on the ground that the canceled checks of the corporation would be the highest and best evidence, and cited as authority the case of *McCann Lumber Co. v. Hall,* 77 Ga. App. 455, 456 (6) (49 S. E. 2d 150), in which this court held that parol testimony by an auditor that certain payments were made by check was not admissible over objection that the canceled checks would be the highest and best evidence. But the *Hall* case is not in point, since here there is *other* evidence in the record from which the jury could find, as it has found, that the claimant corporation bought this automobile through its agent. Further, whether the claimant corporation paid for the car or not or how it paid for the vehicle would be immaterial to the issue here. The issue in this case, succinctly expressed, is as to ownership and not the method by which the payments were made. The error, if any, in the admission of the evidence objected to was harmless.

Ground 8 contends that the answer to the question, "Has anything been paid by any funds belonging to anyone other than Coastal Service, Inc.?" called for a conclusion. The trial court correctly overruled this objection.

■ Ground 9 of the amended motion for new trial objects to testimony of the defendant in fi. fa., Gilbert, admitted over objection, which, in substance, was that the contract for the sale of the 1957 Oldsmobile was erroneously made out to show the name of the buyer as the defendant in fi. fa., Gilbert. The effect of Gilbert's testimony was that he, as president of Coastal Service, Inc., was buying the car for the corporation, and it was through the error of the seller that the bill of sale showed him as the purchaser. The objection to this testimony was based on the parol evidence rule. Parol evidence is inadmissible to add to, take from, or vary a written contract. *Code* § 20-704. Parol evidence may be used, however, in cases involving undisclosed principals in ordinary contracts which are not under seal. If the rule were otherwise, *Code* § 4-313 could not be applied in all cases. This statute provides that the principal shall have advantage of its agent's contracts in the same manner as he shall be bound by them. Under this statute, if the agency has

been concealed, the party dealing with the agent may set up any defense against the principal which he has against the agent. Where the agency is concealed, it is necessary ordinarily to prove by parol evidence the existence of the undisclosed principal. "All the authorities, both English and American, concur in holding that, as applied to such contracts executed when the principal was unknown, parol evidence which shows that the agent who made the contract in his own name was acting for the principal does not contradict the writing, but simply explains the transaction; for the effect is not to show that the person appearing to be bound is not bound, but to show that some other person is bound also." Barbre v. Goodale, 28 Ore. 465 (38 P. 67, 43 P. 378). See also IX Wigmore on Evidence, 3d Ed., § 2438, p. 122 et seq., and *Burkhalter v. Perry & Brown*, 127 Ga. 438 (4) (56 S. E. 631, 119 Am. St. Rep. 343). For a discussion of the distinction between sealed and unsealed instruments as it relates to this problem, see *Hollingsworth v. Georgia Fruit Growers, Inc.*, 185 Ga. 873 (196 S. E. 766). Since there is nothing in the record here to show that the contract for the purchase of the car was under seal, the testimony of the agent that he was acting for an undisclosed principal was properly admitted. Thus, the fact that the agency was not disclosed at the time of the contract does not prevent the principal from enforcing the contract in his own name. *McConnell v. East Point Land Co.*, 100 Ga. 129 (28 S. E. 80). See also *Van Dyke v. Van Dyke*, 123 Ga. 686 (51 S. E. 582, 3 Ann. Cas. 978), and *Planters Gin & Warehouse Co. v. Pitts Banking Co.*, 24 Ga. App. 731 (102 S. E. 183); 1 Restatement, Agency, 2d, § 186. "The governing principle is that an undisclosed principal as the 'ultimate party in interest, is entitled, against third persons to all advantages and benefits of such acts and contracts of his agent. . .'" *Dodd Grocery Co. v. Postal Telegraph-Cable Co.*, 112 Ga. 685 (3), 689 (37 S. E. 981).

The judgments of the trial court overruling the motion for judgment notwithstanding the verdict and the motion for new trial are affirmed.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*