24319.   BREGA et al. v. CSRA REALTY COMPANY.

ARGUED OCTOBER 9, 1967—DECIDED OCTOBER 20, 1967.

*Sanders, Hester & Holley, Thomas R. Burnside, Jr.*, for appellants.

*Lester & Lester, William M. Lester, McGahee & Plunkett, Paul K. Plunkett*, for appellee.

MOBLEY, Justice. The appeal is from a judgment sustaining general and special demurrers to a petition by C. W. Brega, E. C. Walton, and Q. R. Wakeley against CSRA Realty Company for specific performance of a written contract to sell land. The contract recited that CSRA Realty Company, as seller, had agreed to sell to the petitioners, and the petitioners, as buyer,

had agreed to buy, described land on stated terms. The contract was signed on the line above the word "Buyer" by "Q. R. Wakeley, Agent (Seal)," and on the line above the word "Seller" by "Raworth Williamson (Seal)." It is alleged that Raworth Williamson was the vice president of the defendant corporation, that he was duly authorized to execute the contract on behalf of the corporation, and represented himself as being duly authorized. It was further alleged that the sole business conducted by the defendant corporation was the purchase and sale of real estate.

The question for determination by this court is whether the defendant corporation is bound by the contract signed by Raworth Williamson individually, and whether the petition states a cause of action for specific performance of the contract. "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties . . ." *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (97 SE2d 129); *Green v. Zaring*, 222 Ga. 195, 198 (149 SE2d 115).

It is urged by the petitioners that they should be allowed to introduce evidence to prove their allegation that Williamson was authorized to execute the contract for the defendant corporation. In *Merchants' Bank of Macon v. Central Bank of Ga.*, 1 Ga. 418 (44 AD 665), it was held: "In the execution of instruments under seal, by an agent, the general rule is, that it must purport, upon its face, to be the contract of the principal, and his name must be inserted in it, and signed to it." In *Harp v. First Nat. Bank of Reynolds*, 173 Ga. 768 (2) (161 SE 355), it was held: "When a contract is made by an agent under seal, no one but a party to the instrument is liable to be sued thereon; and therefore, if made by an agent or attorney, it must be in the name of the principal, in order that he may be a party, because otherwise he is not bound by it. The contract must purport upon its face to be the contract of the principal, and his name must be signed to it."

The contract specifies the defendant corporation as the seller, but there is nothing in the body of the contract or at the place

of signature to show that Williamson was acting as agent for the corporation, and parol evidence is inadmissible to add to, take from, or vary the written contract. *Carr v. Louisville &c. R. Co.*, 141 Ga. 219 (80 SE 716). There are no allegations of the petition showing that the defendant corporation has received any benefit from the contract signed by Williamson.

In law, Raworth Williamson, individually, and Raworth Williamson, as vice president of the defendant corporation, are entirely separate and distinct entities. "A court of equity can not decree the specific performance of a contract wherein the purported vendor agrees to sell land which belongs to another." *Jolles v. Holiday Builders, Inc.*, 222 Ga. 358, 360 (149 SE2d 814).

The petition failed to state a cause of action for specific performance of the contract, and the trial judge did not err in sustaining the demurrers to the petition.

*Judgment affirmed. All the Justices concur.*