Frank Parrish, *pro se.*

26851.   LOWE et al. v. WATSON.

NICHOLS, Justice. This is an appeal from a judgment refusing a mandamus absolute entered on September 4, 1971. After such judgment was entered, a motion for a continuance and a motion to disqualify respondent's attorney was filed. No transcript of the evidence adduced upon the hearing of the mandamus absolute was filed, and no judgment rendered upon the motion for continuance or motion to disqualify respondent's attorney. *Held:*

1. The only judgment appealed from is the judgment refusing the mandamus absolute. The record does not disclose that the motions thereafter filed were ruled upon, and even if ruled upon, such judgments could not be considered inasmuch as any judgment rendered would of necessity be subsequent to the judgment appealed from. Compare *Graham v. Haley,* 224 Ga. 498 (4) (162 SE2d 346).

2. The purpose of the petition for mandamus was to procure a certified copy of all records of the ordinary in two separate proceedings so as to enable the plaintiff to file such copies to be recorded in the county of his residence, and, thereafter, effect a transfer of the proceedings from McDuffie County to Fulton County as provided for in *Code* § 113-1901 et seq. Both cases were pending on appeals filed in the Superior Court of McDuffie County by the plaintiff in this case.

Under the decision in *Robinson v. McAlpin,* 130 Ga. 489 (61 SE 115), the ordinary had been required to send the original records to the superior court. According to the judgment rendered by the superior court in this case, such requirement of law had been complied with and the records were no longer in the custody of the ordinary.

Assuming, but not deciding, that the ordinary could certify copies of the minutes of his court, as pointed out in *Robinson v. McAlpin,* supra (p. 491): "The statutory appeal allows to litigants in certain cases the right to another trial in the superior court, upon compliance with certain requisites. The trial in the superior court is had without reference to the evidence introduced in the former trial, and is a de novo investigation. When a case is on appeal, any amendment, whether in matter of form or substance, may be made which could have been made while the case was in the primary court. *Reynolds v. Neal,* 91 Ga. 614 (18 SE 530). If certified copies of the pleadings were sent up, and the originals retained in the primary court, and amendments were allowed on the appeal, we would have the anomaly of a part of the original papers being in one court and part in another. Again, under certain circumstances, an officer's return of service may be amended. It is only the original entry that may be amended; a certified copy is not amendable. Another distinguishing feature is that the judgment rendered on a statutory appeal is the final judgment upon which execution issues, and the execution is the process of the appellate court."

Thus, the suggestion that the ordinary could respond to the

request made by the plaintiff by obtaining the information from his minutes is without merit inasmuch as such minutes would not disclose what, if any, amendments had been filed in the superior court and the certification would not have been of records, but of minutes.

Nor do we know of any authority of an ordinary to certify the records of a clerk of the superior court. Accordingly, the contention that the ordinary could obtain copies from the clerk of the superior court and certify the same is without merit.

There being no reversible error shown, the judgment of the trial court refusing to issue the mandamus absolute must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 8, 1971—DECIDED NOVEMBER 18, 1971.

*Wyman C. Lowe,* for appellants.
*Jack D. Evans,* for appellee.