PER CURIAM:
 

 The principal question on appeal in this bankruptcy case concerns the validity of a purported conveyance of a security interest of real property to Knight State Bank by the bankrupt corporation. Holding that because it was not properly executed, the conveyance could not have conveyed the corporate bankrupt’s interest in the property, we affirm the decision of the district court declining to give appellant Knight State Bank a security interest in the real estate.
 

 Plaintiff Charles B. Merrill, Jr., the trustee in bankruptcy for the Georgia corporation of Pope and Lord, Inc., sought a declaratory judgment to determine the validity of certain liens against the corporation’s property. Certain real property belonged to the corporation, “Pope and Lord, Inc.” A deed to secure debt named “Pope and Lord” as grantor of the property, without indicating it was a corporation. The deed was signed by Roger Lord and Latha P. Lord, without any indication they were corporate officers. There was no corporate seal affixed to the deed, and nothing to show that Roger Lord and Latha P. Lord were signing in any capacity other than individually.
 

 The bankruptcy court, holding that the document was not ambiguous, refused to consider evidence that Roger and Latha P. Lord executed the deed on behalf of the corporation Pope and Lord, Inc. It therefore held that there was no conveyance binding the corporation and that Knight State Bank was to be treated as an unsecured creditor in the corporation’s bankruptcy proceedings. The district court affirmed.
 

 Knight State Bank argues that the document was “ambiguous” in that the named grantor, “Pope and Lord,” was not the same as the parties signing the deed, Roger Lord and Latha P. Lord, and that therefore the parol evidence that the deed was signed on behalf of the corporation should have been considered.
 

 We find it unnecessary to decide this issue. Whether or not the parol evidence is considered, there is no valid corporate conveyance in this case. The deed was not executed by those persons necessary to make a proper corporate conveyance under Georgia law. The Georgia Code requires a certain formality for the execution of deeds conveying an interest in corporate property:
 

 Instruments executed by a corporation conveying an interest in real property, with the exception of transfers of and releases from security instruments, when signed by the president or vice president
 
 *1323
 
 and attested or countersigned by the secretary or assistant secretary or cashier or assistant cashier of the corporation, with the corporation’s seal attached, shall be conclusive evidence that said officers signing are duly authorized to execute and deliver the same. Any corporation may, by proper resolution, authorize the execution of such instruments by other officers of the corporation.
 

 O.C.G.A. § 14-5-7 (formerly Ga.Code Ann. § 22-5106). The law requires that the instrument be executed by the president
 
 or
 
 vice-president
 
 and
 
 that the signature be attested or countersigned by the secretary, assistant secretary, cashier or assistant cashier of the corporation. In this case, the instrument was signed by Roger Lord, the President of the corporation, and by Latha Lord, the Vice-President. It was not attested or countersigned by any other corporate officer.
 

 Although the statute provides that a corporation may alter the statutory requirements by corporate resolution, the corporate resolution of Pope and Lord, Inc. authorized execution not by the president
 
 and
 
 the vice-president, but by the president and the secretary-treasurer.
 

 Therefore, Be It Resolved, by the Board of Directors of Pope and Lord, Inc., Lau-rens County, Georgia, that the
 
 President and Secretary-Treasurer
 
 be authorized to borrow from Knight State Bank up to $50,000.
 

 Resolution of June 12, 1976 (emphasis added). This corporate resolution authorized President Roger Lord to join Secretary Myra Faircloth, not Vice-President Latha Lord, to borrow funds from the Bank.
 

 It appears settled under Georgia law that a corporate deed must be executed in the proper manner.
 
 In re Gray,
 
 7 Bankr. 535 (Bankr.M.D.Ga.1980) (in the absence of corporate seal, parol evidence was inadmissible to show signer’s authority to transfer).
 
 Cf. Broyles v. Kirkwood Court Apartments,
 
 97 Ga.App. 384, 103 S.E.2d 97 (1958) (contract signed by all the officers, shareholders, directors and agents of corporation was not a corporate act where contract did not indicate it was corporate undertaking);
 
 Brega v. CRSA Realty Co.,
 
 223 Ga. 724, 157 S.E.2d 738 (1967) (in suit for specific performance of land sale contract, corporation named as seller was not bound by contract signed only individually by its Vice-President). Following this clear Georgia law, we affirm the decision that Knight State Bank is to be treated as an unsecured creditor in the bankruptcy proceeding of Pope and Lord, Inc. In deciding this case between the bankruptcy trustee and the Bank, we need not consider whether equities might suggest a different result if the suit were between the original parties to the deed, Knight State Bank and Roger and Latha P. Lord.
 

 AFFIRMED.