73564. THOMASTON v. FORT WAYNE POOLS, INC. et al.
(352 SE2d 794)

BANKE, Presiding Judge.

The appellant was seriously injured when he dove into the shallow end of a swimming pool at the home of his uncle and aunt. He filed the present action against the appellees, who are the manufacturer of the kit from which the pool was constructed, the distributor of the kit, and the supplier of the vermiculite used in the pool's foundation, alleging that the design and construction of the pool were defective. Prior to filing suit, the appellant had settled a claim against his aunt and uncle and their insurance carrier based on the same injuries. The trial court granted summary judgment to the appellees based on the appellant's execution of a "Release and Indemnity Agreement" in connection with that settlement.

The appellant contends on appeal that his claims are not barred by the release because it is, in reality, a covenant not to sue, and that even if the document is construed as a release, parol evidence is admissible to show that the parties did not intend for it to cover the appellees in this action. He further contends that the release is the product of a mutual mistake and that even if it operates as a bar to further recovery by him in tort, it does not operate to bar his claim for breach of implied warranty against the manufacturer of the pool kit. *Held*:

1. "In Georgia, a release is 'subject to the same rules as govern ordinary contracts in writing, and parol evidence is not admissible to contradict or vary the terms or stipulations.' *Southern Bell Tel. &c. Co. v. Smith*, 129 Ga. 558 (59 SE 215) (1907); see also *Henslee v. Houston*, 566 F2d 475, 479-80 (5th Cir. 1978). A general release or a release which contains no reservations, executed in favor of one joint tortfeasor, in full settlement of damages, releases all joint tortfeasors." *Menendez v. Perishable Distributors*, 254 Ga. 300, 301

(329 SE2d 149) (1985). See also *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 482 (265 SE2d 779) (1980).

There is nothing in the "Release and Indemnity Agreement" to suggest that appellant intended to retain the right to proceed against any other joint tortfeasor. See *Harrison v. Johnson*, 161 Ga. App. 54, 55 (289 SE2d 287) (1982). Rather, the document in question recites that it is "for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident." Consequently, the trial court correctly concluded that the document is a release and that parol evidence was not admissible to vary its terms.

2. The appellant's contention that the appellees need not be considered joint tortfeasors with his uncle and aunt is without merit. " '[I]f the separate and independent acts of negligence of two or more persons or corporations *combine naturally and directly to produce a single indivisible injury* other than a nuisance, and *if a rational basis does not exist for an apportionment of the resulting damages* among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of voluntary intentional concert of action.' " *Zimmerman's, Inc. v. McDonough Constr. Co.*, 240 Ga. 317, 320 (240 SE2d 864) (1977). Compare *Parks v. Palmer*, 151 Ga. App. 468 (2) (260 SE2d 493) (1979); *Smith v. McLendon*, 142 Ga. App. 608 (236 SE2d 692) (1977). It is apparent from the record in this case that appellant's injury was single and indivisible, and that no rational basis exists for apportionment of the resulting damages. Appellant's reliance on *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588 (292 SE2d 705) (1982), is misplaced in that that case involved *successive* tortfeasors and successive injuries.

3. "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when the mistake operates as a gross injustice to one and gives an unconscionable advantage to the other, may be relieved in equity. OCGA § 23-2-22. This principle has been applied to releases in *Roberson v. Henderson Chem. Co.*, 171 Ga. App. 722 (3) (320 SE2d 835) (1984), and *Vann v. Williams*, 165 Ga. App. 457 (299 SE2d 908) (1983). . . . Courts may reform a contract if presented with evidence of mutual mistake. OCGA § 23-2-30. But the power in equity to relieve mistakes should be exercised with caution, and the evidence shall be clear, unequivocal and decisive as to the mistake. OCGA § 23-2-21." *Fulghum v. Kelly*, 255 Ga. 652, 654 (340 SE2d 589) (1986). In this case, there is no suggestion that the mistake, if there was one, was anything other than a unilateral mistake on the part of the appellant. Thus, it affords no ground for reversal. See *Prince v. Friedman*, 202 Ga. 136 (1) (42 SE2d 434) (1947).

4. The appellant's contention that his claim against the pool

manufacturer based on breach of implied warranty is cognizable even if his tort claim is not is without merit. "Generally, before a recovery may be had for breach of warranty, this state has recognized the necessity of privity between the parties where a plaintiff-purchaser of an article has been injured because of its alleged defectiveness and brings an action based on warranty. That is, if a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product. [Cits.]" *Evershine Prods. v. Schmitt*, 130 Ga. App. 34, 35 (202 SE2d 228) (1973). See also *Ellis v. Rich's*, 233 Ga. 573 (212 SE2d 373) (1975).

The evidence of record is uncontroverted that Fort Wayne Pools distributed its products through a network of independent distributors and that neither it nor the other appellees sold the pool in question to the appellant's aunt and uncle. Nothing contained in OCGA § 11-2-318, which extends the seller's warranties to family members and guests in the buyer's home who may reasonably be expected to use the product and who are injured thereby, eliminates the requirement that the buyer and the defendant be in privity.

*Judgment affirmed. Birdsong, C. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 16, 1987 —

*Joseph R. Neal, Jack E. Boone, Jr.*, for appellant.
*Charles C. Stebbins III, James W. Purcell, Michael N. Annis, Neal W. Dickert, William B. Warlick*, for appellees.