DECIDED MARCH 14, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 —

*Herbert Shafer*, for appellants.

*Robert E. Wilson, District Attorney, Gregory A. Adams, Michael D. Thorpe, Assistant District Attorneys*, for appellee.

A91A0384. COSTANZO v. JONES.
(409 SE2d 686)

PER CURIAM.

Plaintiff Jones brought suit against defendant Costanzo in the

State Court of Fulton County, alleging defendant was indebted to plaintiff pursuant to a commercial lease agreement in the amount of $17,814.46 (as of September 15, 1989). Defendant denied the material allegations of the complaint. In addition, defendant asserted "indispensable party" and "accord and satisfaction" defenses.

Thereafter, plaintiff moved for summary judgment. The motion was accompanied by plaintiff's affidavit. A copy of the lease was attached thereto.

The lease was executed by plaintiff, as "landlord," and defendant, as "tenant." It called upon defendant to pay plaintiff "base rent" in the amount of $4,500 per month for 36 months commencing June 1, 1988. It also required defendant to pay plaintiff "additional rent" — to wit, taxes and utilities. The lease was not under seal.

In his affidavit, plaintiff deposed that he is the owner of real property located at 6483 Peachtree Industrial Boulevard, Atlanta, DeKalb County, Georgia; that that property is the subject of the lease agreement between plaintiff and defendant; that on February 24, 1989, he "sent a letter to defendant's agent, Don Scott, of Santa Fe Tool and Supply Company ("Santa Fe") at 6483 Peachtree Industrial Boulevard . . . notifying said agent of amounts due under the lease for utilities and taxes"; and that defendant failed to pay the amount due. Plaintiff further deposed that defendant failed to pay the rent due on May 1, 1989, and that on May 31, 1989, plaintiff made demand for past due rent and past due utilities and taxes; that on June 5, 1989, plaintiff received a $4,500 check from Santa Fe; that on June 26, 1989, plaintiff again made a written demand for past due rent; and that defendant failed to make any other payments to plaintiff under the lease.

Plaintiff's affidavit continued as follows: "On July 19, 1989, I filed a dispossessory action in the State Court of DeKalb County . . . against the defendant or tenant in possession of the leased premises. My attorney informed me that the dispossessory complaint was never answered. . . . The occupant of the leased premises, Santa Fe . . . sought to avoid eviction by a proposal to my attorney . . . On August 3, 1989, I, through my attorney, entered into an agreement with Santa Fe to defer my taking a writ of possession on the leased premises. . . . After making the initial payment, Santa Fe failed to make any of the payments required under the agreement. . . . Subsequent to making the August 3, 1989 agreement and payment, Santa Fe abandoned the leased premises. . . . Defendant failed to pay any past due amounts and evidenced no desire to maintain any right to possession."

Plaintiff further deposed that on August 22, 1989, he obtained a writ of possession with regard to the leased premises from the State Court of DeKalb County; that, pursuant to the writ of possession, he

took possession of the leased premises on August 30, 1989; that the premises were damaged by defendant and/or Santa Fe and, consequently, it was necessary to make numerous repairs to the premises. A copy of a record of repairs made to the premises was attached to and made a part of the affidavit. The affidavit went on to recite the amount of taxes and utilities which had accrued on the property.

The documents filed in the DeKalb County dispossessory action were attached to plaintiff's affidavit and incorporated therein by reference. They show that on July 19, 1989, plaintiff filed a dispossessory warrant in the State Court of DeKalb County against defendant "individually and d/b/a Santa Fe Tool and Supply Company, 6483 Peachtree Industrial Blvd." It was alleged "that said tenant fails to pay rent now due . . . failed to pay taxes and utilities re: lease agreement." Plaintiff sought a writ of possession and "judgment for past due rent in the amount of $12,515.30 as of date of filing." The dispossessory documents also show that plaintiff applied for a writ of possession on August 21, 1989, alleging defendant failed to file an answer; and that a writ of possession was issued the next day.

In a brief accompanying the motion for summary judgment, plaintiff asserted that defendant was indebted to plaintiff pursuant to the lease agreement in the amount of $125,143.11.

Plaintiff's motion for summary judgment came on for a hearing on June 25, 1990. That same day, defendant filed an amendment to his answer setting forth two additional defenses. It was alleged that defendant signed the lease in a representative capacity and the lease should be reformed to reflect that "Santa Fe Capital Corporation" was the "true lessee." It was also alleged that plaintiff's action was barred "by the doctrine of estoppel, res judicata, and estoppel by judgment."

Defendant also filed an affidavit on the day of the hearing. Therein, he deposed that at all times during the negotiation and execution of the lease agreement he was "the disclosed agent for Santa Fe Capital Corporation and it was completely the intent of all parties that the tenant and named lessee in the lease would be Santa Fe Capital Corporation. [T]he only tenant of this property was Santa Fe Capital Corporation. Essentially, after the signing of this lease, I have had no contact with the Plaintiff. I was an officer of the said Santa Fe Capital Corporation, but I was not the sole officer, was not the sole stockholder, and did not take an active, daily operating role in the business of the corporation, and all of these facts were well known to the plaintiff prior to and at the time of the execution of the lease."

Thereafter, plaintiff submitted a second affidavit in which he deposed: "My intent in contracting with [defendant] for the lease of [the premises] was to contract with [defendant], individually, as the proprietor of a business engaged in the sale and service of tools and

equipment. Prior to and at the time of making said lease, I had no knowledge that [defendant] was agent for Santa Fe Capital Corporation or any other entity or principal. . . . I knew that [defendant] was owner of a business engaged in the sale and service of tools and equipment. . . . I understood that [defendant], individually, would be doing business at the leased premises in the name of Santa Fe Tool and Supply Company. I understood that said name was only a business name used by [defendant]. . . . I intended to contract with [defendant] individually because I understood that he would be personally obligated on the lease. I considered such personal obligation a consideration in ensuring that the obligations of the lease would be performed. . . . I have never requested entry of default judgment on the past due rent claimed in the DeKalb State Court dispossessory action . . . nor has any judgment been rendered by that Court on the issue of past due rent, nor have I had a full opportunity to litigate the issue of rent past due prior to the dispossessory action. The only issue adjudicated by the Court was the issue of possession."

Thereafter, on July 20, 1990, plaintiff filed an amendment to his motion for summary judgment. In pertinent part, the amendment reads: "[I]n the interest of justice and fairness, Plaintiff hereby reduces his demand for contractual damages showing the Court that the plaintiff has obtained a new Tenant for the premises at issue. . . . Plaintiff's demand is reduced to $99,935.22."

On August 13, 1990, the trial court granted plaintiff's motion for summary judgment "as to the issue of liability only." Defendant appealed on August 27, 1990. Thereafter, on September 14, 1990, the trial court entered the following order: "On August 9, 1990, this court granted Plaintiff's motion for summary judgment as to the issue of liability only, and issued a Rule Nisi for hearing on the issue of damages. The issue of damages having come before the Court on August 29, 1990, and the Court having heard oral argument from Plaintiff, there being no appearance on behalf of defendant, and having considered all the evidence . . . this Court hereby grants Plaintiff's motion for Summary Judgment as to the issue of damages in the amount of $98,927.21."

On appeal, defendant raises two enumerations of error. First, he contends the trial court erred in granting plaintiff's motion for summary judgment with regard to liability. Second, he contends the trial court erred in granting plaintiff's motion for summary judgment with regard to damages. *Held*:

1. The motion for a supersedeas bond is denied.

2. Defendant contends the trial court erred in granting plaintiff's motion for summary judgment as to liability because a question of fact exists as to (a) whether the lease agreement should be reformed and (b) whether plaintiff's action is barred by the doctrine of res judi-

cata. We disagree.

(a) In order for a lease agreement to be reformed, the complaining party must show a mutual mistake, i.e., a mistake of both parties. *A. J. Concrete Pumping v. Richard O'Brien Equip. Sales*, 256 Ga. 795, 796 (1) (353 SE2d 496); *Thomaston v. Fort Wayne Pools*, 181 Ga. App. 541, 542 (3) (352 SE2d 794). To pierce defendant's reformation defense, plaintiff presented evidence that any mistake was unilateral since he dealt (and only intended to deal) with defendant individually.

In his affidavit, defendant deposed that the parties mutually intended to name Santa Fe Capital Corporation as the lessee. Thus, defendant's affidavit would appear to create an issue of fact regarding the mutual intention of the parties.[1] Nonetheless, we find that plaintiff was entitled to judgment on the reformation issue as a matter of law. Why? Because defendant did not present any evidence showing how it came to pass that the parties put his name alone on the contract.

To reform a contract on the basis of mutual mistake, the evidence must show more than the true intention of the parties. It must show "why the language sought to be inserted was left out . . . or how the mistake occurred." *Wheeler v. Poole*, 204 Ga. 477, 480 (50 SE2d 326). In the case sub judice, the record is devoid of any evidence showing why, if the parties intended the tenant to be Santa Fe Capital Corporation, Santa Fe Capital Corporation's name does not appear in the lease agreement.

Plaintiff pierced defendant's reformation defense by showing a lack of mutual mistake. Thus, it was incumbent upon defendant to present evidence showing that his reformation defense remained viable. OCGA § 9-11-56 (e). This defendant failed to do.

(b) Georgia law is clear that the doctrine of res judicata cannot be invoked in the absence of a final judgment upon the matter in question. " 'It is only a final *judgment* upon the merits which prevents further contest upon the same issue and becomes evidence in another action between the same parties or their privies.' [Cit.] 'No finding nor verdict will bar another suit until judgment is rendered upon it.' [Cit.]" *Mitchell v. Mitchell*, 97 Ga. 795, 796 (25 SE 385). See

---

[1] "The Georgia courts have consistently held that parol evidence is not admissible to show that a person signed a written contract under seal as agent unless the contract purports upon its face to be the contract of the principal. *Brega v. CSRA Realty Company*, 223 Ga. 724, 157 S.E.2d 738 (1967); *Carr v. Louisville & Nashville Railroad Company*, 141 Ga. 219, 80 S.E. 716 (1913); *Bowers v. Salitan*, 97 Ga. App. 877, 104 S.E.2d 667 (1958); *Byers v. Harper*, 64 Ga. App. 404, 13 S.E.2d 389 (1941)." *In re Universal Profile*, 6 B.R. 196, 199 (1980). However, the rule is otherwise with respect to unsealed instruments. *United States Fidelity &c. Co. v. Coastal Svc.*, 103 Ga. App. 133 (4) (118 SE2d 710). The lease agreement in the case sub judice was not under seal.

also *Lewis v. Price*, 104 Ga. App. 473, 474 (1) (122 SE2d 129). Although the pleadings in the dispossessory action show that the amount of past due rent was put in issue, it is clear that no final judgment was pronounced by the DeKalb County court with respect to the rent issue. It follows that plaintiff effectively pierced defendant's res judicata defense.

(c) The trial court did not err in granting plaintiff's motion for summary judgment with respect to liability.

3. This Court cannot consider defendant's enumeration attacking the correctness of the trial court's subsequent award of damages in favor of the plaintiff because no timely notice of appeal was filed from the trial court's order granting summary judgment in that regard.

The initial grant of summary judgment on the issue of liability was directly appealable by defendant pursuant to OCGA § 9-11-56 (h). Pursuant to OCGA § 5-6-34 (d), defendant would be entitled to enumerate as error any other *prior or contemporaneous* rulings in the case. *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980). Defendant would not, however, be entitled to enumerate as error any and all other *subsequent* rulings in the case. An "enumeration cannot be considered . . . [if] the ruling that it complains of . . . was entered . . . subsequent to filing of the notice of appeal. . . . [Cit.]" *Cates v. Cates*, 225 Ga. 612, 613 (2) (170 SE2d 416) (1969). "[J]udgments [can]not be considered [on appeal] . . . [if] rendered . . . subsequent to the judgment appealed from. [Cit.]" *Lowe v. Watson*, 228 Ga. 393 (1) (185 SE2d 774) (1971). "[I]ssues raised . . . [which are] not . . . encompassed within the final order from which the appeal has been taken, . . . may not . . . [be] raise[d] [on appeal], either in enumerations of error or through arguments in briefs of counsel. [Cits.] Accordingly, enumerations of error [which address the subsequent grant of summary judgment on the issue of damages], not being properly before this court, [should] not now be considered. [Cit.]" *Blakely & Son, Ltd. v. Humphreys*, 148 Ga. App. 281, 284 (1) (250 SE2d 826) (1978).

Orders entered subsequent to the filing of a notice of appeal are appealable only pursuant to a subsequently filed notice of appeal. The enumeration of error in the instant case which addresses the subsequent grant of summary judgment on the issue of damages is not predicated upon a timely filed notice of appeal from that order or from any other appealable order which encompasses that subsequent ruling. Accordingly, we have no jurisdiction to consider the grant of summary judgment on the issue of damages.

*Judgment affirmed. Sognier, C. J., Banke, P. J., Birdsong, P. J., Carley, Pope, Beasley, Cooper and Andrews, JJ., concur. McMurray, P. J., concurs in part and dissents in part.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2 but I respectfully dissent from Division 3. In my opinion, defendant is entitled to enumerate error upon the judgment awarding damages even though he did not file a notice of appeal with respect to that judgment.

When an appeal is taken to our appellate courts, the appellant can assign error upon any ruling, order or judgment entered in the court below. *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (271 SE2d 199). See also *Allen v. Rome Kraft Co.*, 114 Ga. App. 717, 718 (152 SE2d 618). It follows that we have jurisdiction to consider defendant's enumeration of error with regard to the damages issue.

Cases holding that error cannot be assigned upon a ruling entered subsequent to the filing of the notice of appeal (see, e.g., *Cates v. Cates*, 225 Ga. 612, 613 (2) (170 SE2d 416) and *Lowe v. Watson*, 228 Ga. 393 (1) (185 SE2d 774)) are no longer viable in light of *Southeast Ceramics v. Klem*, supra, with its emphasis upon judicial economy. *Klem* mandates consideration of previous contemporaneous and subsequent rulings in the case: "We frown upon the practice of appellate review by installment and seek to encourage appellate determination of issues in a case in the fewest possible appellate procedures. . . . We hold that when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, supra at 295.

It is my view that defendant's enumeration of error with regard to the issue of damages should be addressed on the merits.

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 —

*Glenville Haldi*, for appellant.
*Eason, Kennedy & Associates, John C. Sumner, David A. Kennedy*, for appellee.