A10A1835. WATERS v. CHASE MANHATTAN BANK.
(709 SE2d 37)

PHIPPS, Presiding Judge.

Alphonso Waters appeals from the grant of a writ of possession to Chase Manhattan Bank in the latter's action to foreclose upon its security interest in a motor vehicle. Waters contends that the court erred in (1) ordering a writ of possession to be executed immediately upon the entry of judgment against him, and then subsequently (2) ordering him to make a payment into the court registry. For the reasons that follow, we affirm the order granting the writ of possession. However, we have no jurisdiction to consider Waters's appeal from the payment order.

Chase Manhattan filed a petition to foreclose upon its security interest in June 2009. In the petition, Chase Manhattan sought a writ of possession for the vehicle described in the security agreement. Waters filed an answer denying the indebtedness and asserting various other defenses and counterclaims. On August 4, 2009, after hearing evidence, the trial court issued an order granting the

---

foreclosure petition, dismissing Waters's counterclaims for want of prosecution, ordering Waters to pay a specified sum to Chase Manhattan by "[September 14, 2009] and retain [p]ossession of the property," and ordering Chase Manhattan to complete and file a writ of possession and "[t]urnover [o]rder." On August 4, 2009, the same date the order was entered on the foreclosure petition, the court issued a turnover order (in which it directed Waters to turn over the vehicle to law enforcement officers), and a writ of possession (wherein it directed law enforcement officers to levy and surrender the vehicle to Chase Manhattan). On August 21, 2009, Waters filed a notice of appeal from the August 4, 2009 order granting the writ of possession.

1. Waters contends that the court's August 4, 2009 order issuing the writ of possession is void because it allowed for the immediate execution of the writ of possession, when OCGA § 9-11-62 prohibits execution on a judgment until ten days after judgment is entered.

OCGA § 9-11-62 (a) provides, in pertinent part, that "[n]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry[.]" Here, the court entered judgment granting the petition to foreclose and issued a writ of possession on the same date. At the same time, however, the order granting the foreclosure petition provided that Waters would "retain [p]ossession of the property."

It is well settled that the burden is on the appellant to establish both error and harm.[1] Error which is harmless will not be cause for reversal.[2] The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantive rights of the parties.[3]

Even if the trial court erred in issuing a writ of possession on the same day it entered judgment, in this case there has been no showing of harm. The purpose of OCGA § 9-11-62 (a) is to provide the party against whom a judgment has been entered the right to be free from execution and enforcement of the judgment for ten days in order to determine his future course of action, be it a post-trial motion or an appeal.[4] Waters has not shown, or even claimed, that the writ of possession was executed before the ten-day period expired and before he had the opportunity to determine his future course of action. Inasmuch as Waters has not shown that his substantive rights were

---

[1] See *Miller Grading Contractors v. Georgia Fed. Sav. & Loan Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

[2] Id.

[3] OCGA § 9-11-61; *Miller Grading Contractors*, supra.

[4] *Landau v. Davis Law Group*, 269 Ga. App. 904, 908 (4) (605 SE2d 461) (2004); see *Bank South, N.A. v. Roswell Jeep Eagle*, 200 Ga. App. 489, 490 (3) (408 SE2d 503) (1991).

affected by the premature issuance of the writ,[5] he has presented no basis for reversal.[6]

2. Waters contends that the trial court erred when it entered an order in April 2010 requiring him to pay money into the court registry. The order complained of, however, was entered subsequent to the August 2009 filing of the notice of appeal from the order granting the writ of possession. Accordingly, Waters's challenge to the April 2010 order is not properly before this court and we lack jurisdiction to consider it.[7]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

## DECIDED MARCH 29, 2011.

*Valerie G. Adams, Grady A. Roberts III*, for appellant.
*Lefkoff, Rubin & Gleason, Philip L. Rubin*, for appellee.

---

[5] See generally *Miller Grading Contractors*, supra (court must disregard error or defect in proceeding which does not affect the substantial rights of the parties).

[6] See *Landau*, supra at 908-909 (4); *Robenolt v. Chrysler Financial Svcs.*, 201 Ga. App. 168, 170 (4) (a) (410 SE2d 365) (1991).

[7] See *Lowe v. Watson*, 228 Ga. 393 (1) (185 SE2d 774) (1971); *Cates v. Cates*, 225 Ga. 612, 613 (2) (170 SE2d 416) (1969); *Hester v. Human*, 211 Ga. App. 351, 352-353 (1) (439 SE2d 50) (1993); *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991) (determining that appeals court lacked jurisdiction to consider ruling entered subsequent to filing of notice of appeal).