# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1500. MICHAEL FULGHUM a/k/a MARK RICHARDS et al. v. THE IMPACT PARTNERSHIP, LLC.

Michael Fulghum a/k/a Mark Richards worked for The Impact Partnership, LLC ("Impact") from April 8, 2013, to October 31, 2020. At the beginning of such employment, Fulghum entered into a restrictive covenant with Impact providing, inter alia, that for a period of two years following the termination of his employment he would not engage in certain activities deemed to be competitive with Impact. Fulghum subsequently formed 3 Stage Media Group, LLC, and 3 Stage Media, LLC (collectively "3 Stage Media"). In January 2021, Impact filed the instant action against Fulghum and 3 Stage Media, seeking, inter alia, an interlocutory injunction preventing them from breaching the restrictive covenant. Fulghum and 3 Stage Media filed a motion for partial judgment on the pleadings, arguing that the restrictive covenant was void and unenforceable.

After issuing an initial interlocutory injunction, the trial court issued an amended interlocutory injunction on April 13, 2022, enjoining Fulghum and 3 Stage Media from engaging in certain activities deemed to be competitive with Impact. Significantly, the trial court provided that "[u]nless earlier dissolved or modified by subsequent order of this [c]ourt, this interlocutory injunction shall remain in place until 11:59 pm on October 31, 2022, or until final judgment is entered in this civil action, whichever occurs first." There is no indication that the trial court has stayed or extended the interlocutory injunction or entered final judgment. Fulghum and 3 Stage Media filed a notice of appeal of the interlocutory injunction on April 22, 2022. On April 27, 2022, the trial court issued an order denying Fulghum and 3 Stage

Media's motion for partial judgment on the pleadings.

On appeal, Fulghum and 3 Stage Media challenge both the interlocutory injunction and the order denying their motion for partial judgment on the pleadings. However, the challenge to the interlocutory injunction is moot because the injunction has expired, and we lack jurisdiction to review the order denying the motion for partial judgment on the pleadings because no proper appeal of that order has been initiated.

1. Fulghum and 3 Stage Media's appeal of the interlocutory injunction is moot and must be dismissed. While OCGA § 5-6-34 (a) (4) allows for a direct appeal from an interlocutory injunction, an appeal will be dismissed if the question presented has become moot. *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007); OCGA § 5-6-48 (b) (3). When an interlocutory injunction has expired and no longer governs the parties' conduct, an appeal of the injunction becomes moot. See *Holton v. Physician Oncology Svcs.*, 292 Ga. 864, 866 (1) (742 SE2d 702) (2013) ("Because the injunction related to the one-year covenant not to compete has ended, we dismiss the appeal from that portion of the trial court's order as moot."); *Med. Center of Central Ga. v. Macon Health Center*, 345 Ga. App. 879, 886 (2) (815 SE2d 199) (2018). "Unless otherwise ordered by the court, an interlocutory . . . injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. . . ." OCGA § 9-11-62 (a). Because the interlocutory injunction here expired on October 31, 2022, Fulghum and 3 Stage Media's appeal of it is moot and must be dismissed.

2. We lack jurisdiction over Fulghum and 3 Stage Media's appeal of the order denying their motion for partial judgment on the pleadings. "An enumeration cannot be considered if the ruling that it complains of was entered subsequent to filing of the notice of appeal." (Citation and punctuation omitted.) *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991). "Orders entered subsequent to the filing of a notice of appeal are appealable only pursuant to a subsequently filed notice of appeal." Id. Because Fulghum and 3 Stage Media filed their notice of appeal of the interlocutory injunction on April 22, 2022, and the trial court did not issue its order

denying their motion for partial judgment on the pleadings until April 27, 2022, we lack jurisdiction over the appeal of the latter order. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007) ("Husband argues that several post-judgment orders entered by the trial court are erroneous. These judgments, however, were entered after Husband had filed his notice of appeal in this case. As such, Husband cannot enumerate these subsequent rulings as error."); *Waters v. Chase Manhattan Bank*, 308 Ga. App. 885, 887 (2) (709 SE2d 37) (2011) (this Court lacked jurisdiction to consider challenge to April 2010 order entered after August 2009 filing of notice of appeal from order granting writ of possession).

For the foregoing reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/29/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*