## 57738. ALBERT v. BRYAN et al.

McMURRAY, Presiding Judge.

This case involves a tort action for damages brought in several counts against a number of defendants. The damages were allegedly sustained as directly resulting from the purchase of a residence by the plaintiffs. The count against the defendant Atlanta Federal Savings and Loan Association, a division of Georgia Federal Savings and Loan Association, arises from the alleged breach of a confidential or fiduciary relationship resulting from the lender defendant's negligent performance of an appraisal of plaintiffs' property to their detriment. After considerable discovery, this defendant moved for summary judgment which was granted on *November 3, 1978.*

On *November 28, 1978,* plaintiffs filed their notice of appeal from this judgment. Thereafter, on *January 10, 1979,* plaintiffs by and through their attorney of record dismissed their appeal.

On *January 22, 1979,* plaintiffs moved the trial court to reinstate their appeal after learning that even though they had dismissed their appeal the cost of preparing the record (approximately $950) would have to be paid regardless of the dismissal, and they "now desire to have an opportunity to appeal the granting of . . . Motion for Summary Judgment."

On *February 1, 1979,* after a hearing, the trial court reinstated plaintiffs' appeal and set aside plaintiffs' dismissal dated *January 10, 1979. Held:*

Before consideration of this appeal on the merits this court is required to consider its jurisdiction to entertain

the appeal. In addition, the defendant (appellee) has filed a motion to dismiss the appeal because same was not filed within 30 days of the entry of judgment (Code Ann. § 6-803; Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) or within a properly granted extension of time as required by Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). A proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this court. See *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Hester v. State,* 242 Ga. 173, 175 (249 SE2d 547); *Rogers v. Rogers,* 238 Ga. 576 (234 SE2d 495); *Wood v. Atkinson,* 229 Ga. 179 (190 SE2d 46). However, in the case sub judice the notice of appeal was filed in time, and we are concerned here with the authority of the trial court to reinstate this notice of appeal after the plaintiffs had voluntarily dismissed their appeal more than 30 days after the 30 day period in which to appeal as allowed by Code Ann. § 6-803, supra. The authority for the review of the granting of a motion for summary judgment is found in Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975; pp. 757, 759) in that such an order granting summary judgment on any issue or as to any party shall be subject to review by direct appeal. *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243 (248 SE2d 641).

When the plaintiffs dismissed their appeal this court no longer had jurisdiction to review the appeal after 30 days of the rendition of the judgment. The trial court simply had no jurisdiction to reinstate the appeal nunc pro tunc to the date of filing of the notice of appeal by setting aside the dismissal. Since this is a multi-party case involving multiple claimants and defendants and claims arising out of the alleged cause of action no ruling is here made as to whether or not under the authority of *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243, supra, the order granting summary judgment can be reviewed at some future date.

The trial court possesses general inherent power to effect its orders and judgments but in this instance there was no such order of dismissal, but a voluntary dismissal of the appeal by the plaintiffs. See *Waldor v. Waldor,* 217 Ga. 496 (1) (123 SE2d 660), and other cases cited in

*Cranman Ins. Agency v. Wilson Marine Sales &c., Inc.,* 147 Ga. App. 590, 592 (249 SE2d 631).

*Appeal dismissed. Banke and Underwood, JJ., concur.*

ARGUED MAY 2, 1979 — DECIDED JULY 10, 1979.

*Schwall & Heuett, Robert J. Kaufman,* for appellant.
*Mitchell, Clarke, Pate & Anderson, Thomas H Clarke, Jr., Thompson & Bonner, Virginia A. Bonner, Nancy M. Hunt, Kenneth O. Nix,* for appellees.