A91A0647. FULTON v. PILON.
A91A0648, A91A0649. PILON v. BURROUGHS; and vice versa.
(406 SE2d 517)

CARLEY, Judge.

The facts, insofar as they are relevant to the resolution of these appeals, are as follows: After entering into a contract with Robert Pilon, Roscoe Burroughs paid him the sum of $6,000. Thereafter, Jessie Lee Fulton brought suit against Burroughs and Pilon. In her complaint, Fulton alleged that Burroughs had defrauded her of the $6,000 that he had paid to Pilon and that Pilon "knew or should have known" of Burroughs' fraud. After answers to Fulton's complaint were filed, Burroughs filed a cross-claim against Pilon with regard to their contract. Following discovery, Pilon moved for summary judgment on Fulton's main claim and cross-motions for summary judgment were filed by Burroughs and Pilon on the cross-claim. The trial court granted summary judgment in favor of Pilon on the main claim and, in Case Number A91A0647, Fulton appeals from that order. The trial court denied both motions for summary judgment on the cross-claim and, in Case Numbers A91A0648 and A91A0649, Burroughs and Pilon have filed cross-appeals from that order.

## Case No. A91A0647

1. "Where parties conspire to defraud the plaintiff or make a wilful misrepresentation of material fact to induce the plaintiff to act to his injury, an action for deceit will lie. [Cit.]" *Hines v. Wilson*, 164 Ga. 888 (2a) (139 SE 802) (1927). "Where several persons conspire to defraud another, one or all of the wrongdoers may be sued, 'proof of the conspiracy renders the act of one in deceiving and defrauding the

injured party the act of all,' and an implied or constructive trust may be set up as to the subject-matter of the fraud and conspiracy. [Cit.]" *Grant v. Hart*, 192 Ga. 153, 156 (5) (14 SE2d 860) (1941). "All persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured." *Atlanta Trust Co. v. Nat. Bondholders Corp.*, 188 Ga. 761 (3) (4 SE2d 644) (1939).

In support of his motion for summary judgment, Pilon produced evidence showing that he had not conspired with Burroughs to defraud Fulton of her money and that he had received the $6,000 only in the belief that Burroughs was tendering his own money as contractual consideration. In opposition, Fulton produced nothing to the contrary and no evidence was adduced which would authorize a finding that Pilon was otherwise vicariously liable for Burroughs' alleged fraud. It follows, therefore, that the trial court correctly granted summary judgment in favor of Pilon on Fulton's main claim. Under the evidence of record, Fulton has a potentially viable claim for fraud only as against Burroughs and that claim remains pending in the trial court.

### Case Nos. A91A0648 and A91A0649

2. Although the grant of summary judgment in favor of Pilon on Fulton's main claim is directly appealable pursuant to OCGA § 9-11-56 (h), the denials of the cross-motions for summary judgment on Burroughs' contract cross-claim against Pilon are interlocutory orders which have not been certified for immediate review. However, "the denial of a motion for summary judgment can be appealed without application *when it is tied to the appeal of an appealable order or judgment*." (Emphasis supplied.) *Southeast Ceramics v. Klem*, 246 Ga. 294-295 (1) (271 SE2d 199) (1980). Accordingly, Burroughs and Pilon can appeal *if* the denials of their motions for summary judgment on the cross-claim are "tied to" Fulton's direct appeal.

Burroughs' contract cross-claim against Pilon is entirely separate and distinct from the fraud claim asserted by Fulton in the main action. "The non-final [denials] of [the cross-motions for summary judgment on the cross-claim] will in no way affect the propriety of the trial court's grant of [Pilon's] motion for [summary] judgment on [Fulton's main claim]. 'Thus, the [non-final orders as to Burroughs and Pilon are] not "tied to the appeal of an appealable order or judgment." [Cit.]' [Cit.]" *Rolleston v. Huie*, 198 Ga. App. 49, 50 (1) (400 SE2d 349) (1990). Accordingly, there is no jurisdictional basis for an appellate review of the denials of the cross-motions for summary judgment and Burroughs's and Pilon's appeals must be dismissed.

*Judgment affirmed in Case No. A91A0647. Appeals dismissed in*

*Case Nos. A91A0648 and A91A0649. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1991.

*James W. Smith*, for Fulton.
*Barbara J. Redman*, for Burroughs.
*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow*, for Pilon.

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*