## A06A1999. GHEE v. TARGET NATIONAL BANK.
(637 SE2d 742)

BLACKBURN, Presiding Judge.

In an action on a credit card contract brought by Target National Bank ("Target"), Dedra Ghee, acting pro se, appeals the grant of summary judgment to Target, the denial of her motion to dismiss, and the denial of her pauper's affidavit. For the following reasons, we must dismiss her appeal.

There are three trial court orders relevant to this appeal: (1) a January 9, 2006 final judgment ruling on the merits of the case brought by Target and granting a judgment against Ghee for $10,811.55; (2) a February 13, 2006 order denying her pauper status; and (3) a March 22, 2006 order denying Ghee's motion to reconsider. On February 6, 2006, Ghee filed a timely notice of appeal from the January final judgment. On March 10, 2006, separate from that pending appeal, Ghee filed a discretionary application seeking to appeal both the final judgment and the denial of her pauper status. In April, pursuant to OCGA § 5-6-35 (j), this Court granted Ghee's application as to the pauper's affidavit, but expressly limited that appeal to the pauper affidavit issue (as the application was untimely to reach the January final judgment, which was already the subject of the direct appeal), and, in accordance with OCGA § 5-6-35 (g), allowed Ghee ten days to file a notice of appeal applicable to that sole issue. Pursuant to that order, Ghee in April filed a timely notice of appeal, seeking not only to appeal the February order denying her pauper status, but also to appeal the January final judgment and the March order denying her motion to reconsider. Ghee then voluntarily dismissed her February notice of appeal without paying filing costs.

It is Ghee's April notice of appeal that gives rise to the appeal here. As explained in our April order authorizing that appeal, we granted Ghee's discretionary application only as to her appeal of the order denying her pauper's affidavit, and thus her attempts to include the January final judgment and the March order in this discretionary appeal are ineffectual. With respect to Ghee's direct appeal of the January final judgment, that appeal was the subject of Ghee's February notice of appeal, which appeal she voluntarily dismissed in the trial court prior to it ever being docketed in this Court. Ghee seeks to avoid this result by arguing that the trial court was required to enter an order to effect the dismissal, and that in the absence of such an order, that appeal is still pending. However, Ghee's voluntary dismissal of her February notice of appeal operated to dismiss her direct appeal, without further action by the trial court.

See *Albert v. Bryan*.[1] As Ghee has now voluntarily dismissed her February notice of appeal relating to the January judgment, we no longer have jurisdiction to hear her appeal from that judgment.

We turn now to the denial of Ghee's pauper application, which is the only issue authorized in our grant of Ghee's discretionary application. Ghee seeks to avoid appeal costs in our Court, which costs arose out of her direct appeal of the January final judgment. She has never paid those costs. Indeed, she has since dismissed that appeal without ever having paid those costs. Thus, her payment of those costs is now a moot issue, which renders moot her pauper application to avoid those costs. As the only issue in this appeal is now moot, we must dismiss this appeal.

*Appeal dismissed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 4, 2006 —
RECONSIDERATION DENIED OCTOBER 20, 2006 — 

Dedra Ghee, *pro se.*
*Ruthanne W. Goodman*, for appellee.

---

[1] *Albert v. Bryan*, 150 Ga. App. 649, 650-651 (258 SE2d 300) (1979).