In the Supreme Court of Georgia

Decided: June 2, 2014

S13G1274.  SEWELL et al. v. CANCEL et al.

HUNSTEIN, Justice.

We granted certiorari in this case to consider whether an appellate court has jurisdiction over a properly filed cross-appeal seeking review of an order entered after the filing of the original notice of appeal but prior to the notice of cross-appeal.  We conclude that the appellate court does have jurisdiction in this instance and that the Court of Appeals erred in holding otherwise.  Accordingly, we reverse and remand for further proceedings.

The issue presented arises from litigation involving the dissolution of an anesthesiology practice.  Plaintiffs Angel Cancel, M.D., Pravin Jain, M.D., Grace Duque-Dizon, M.D., and Monajna Sanjeev, M.D. were shareholders in the now-defunct Central Georgia Anesthesia Services, P.C. ("CGAS"), which was at one time the exclusive anesthesiology provider at a Macon hospital owned and operated by The Medical Center of Central Georgia, Inc.  According

to Plaintiffs' complaint, beginning in 2001, Plaintiffs Cancel and Jain discovered what they believed were billing irregularities within the practice, which they brought to the attention of their fellow shareholders and officials at The Medical Center over a period of time between 2001 and 2003. In April 2003, The Medical Center announced its intention to restructure its anesthesiology department, after which CGAS shareholders voted to terminate CGAS' contract with The Medical Center.

The Medical Center subsequently began recruitment of physicians for its restructured department and eventually selected several former CGAS physicians to join it. None of the four Plaintiffs were selected, and their affiliation with The Medical Center ended on August 31, 2003. As of January 1, 2004, The Medical Center had entered into an exclusive anesthesiology services contract with The Nexus Medical Group, LLC, a corporation formed in November 2003 and comprised of the former CGAS physicians, and some non-CGAS physicians, who had been selected by The Medical Center for its restructured anesthesiology department.

Alleging that the restructuring at The Medical Center and formation of Nexus were effectuated as part of a scheme to expel Plaintiffs from their practice

2

in retaliation for bringing to light the billing issues, Plaintiffs thereafter filed suit seeking damages for breach of fiduciary duty, fraud, and other claims. Named as defendants were (1) Alvin Sewell, M.D., Miles H. McDonald, M.D., and Sanjiwan Tarabadkar, M.D., all former CGAS physicians who subsequently practiced at The Medical Center through Nexus ("the CGAS Defendants"); (2) The Medical Center and two of its officers ("the Medical Center Defendants"); and (3) Nexus.

Amidst several years of discovery, various motions for summary judgment were filed and hearings were held. In November 2011, the trial court issued an order granting summary judgment to Defendants on all of Plaintiff Cancel's claims. Cancel filed a timely notice of appeal from this order. Prior to the filing of Cancel's notice of appeal, the trial court issued a second order, denying Nexus' motion for summary judgment as to the remaining Plaintiffs. After the filing of the notice of appeal, the trial court issued the last of its summary judgment orders, denying the motions filed by the CGAS Defendants and The Medical Center Defendants as to the remaining Plaintiffs.

Thereafter, Nexus and the CGAS Defendants filed a notice of cross-appeal, challenging the orders denying them summary judgment. A few days

3

later, the Medical Center Defendants filed their own notice of cross-appeal. The Court of Appeals consolidated the appeal and cross-appeals and issued a single opinion in which it affirmed the grant of summary judgment against Cancel; reversed the denial of summary judgment against Nexus; and dismissed the cross-appeals of the CGAS Defendants and the Medical Center Defendants. Cancel v. Sewell, 321 Ga. App. 523 (740 SE2d 870) (2013). Dismissal of the cross-appeals was premised on the Court of Appeals' conclusion that it had no jurisdiction to consider them because they sought to challenge orders issued after the filing of Cancel's notice of appeal. Id. at 536-538 (7), (9). The Court of Appeals reasoned that

> to hold otherwise would permit a cross-appellant (the party often with *no* right to directly appeal) to challenge rulings entered during the 15 days *after* the filing of the appellant's notice of appeal, whereas it is axiomatic that the appellant (the party *with* the right to a direct appeal) may not . . . . We glean no legislative intent for granting favor in that manner to cross-appellants over appellants.

(Emphasis in original.) Id. at 536-537. Having reviewed the relevant provisions of the Appellate Practice Act, OCGA § 5-6-30 et seq., we disagree with this conclusion and reverse.[1]

---

[1]Our standard of review of this purely legal issue is de novo. See Hankla v. Postell, 293 Ga. 692, 693 (749 SE2d 726) (2013).

4

The Appellate Practice Act begins with the command that "this article shall be liberally construed so as to bring about a decision on the merits of every case appealed." OCGA § 5-6-30. In so prescribing, we have held, the Act disfavors "multiple appeals and piecemeal litigation." Cochran v. Levitz Furniture Co., 249 Ga. 504, 505 (1) (291 SE2d 535) (1982). In authorizing cross-appeals in civil cases, the Act provides that

> the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal.

(Emphasis added.) OCGA § 5-6-38 (a).

Construing this provision in conjunction with the command to liberally construe the Act, this Court has held unequivocally that a properly filed cross-appeal will lie even as to an order that would not be directly appealable on its own. See Executive Jet Sales, Inc. v. Jet America, Inc., 242 Ga. 307 (248 SE2d 676) (1978) (permitting cross-appeal challenging denial of motion to dismiss even though interlocutory application would be required to appeal that order independently); accord Marathon U.S. Realties, Inc. v. Kalb, 244 Ga. 390, 393

(260 SE2d 85) (1979) (following Executive Jet, refusing to dismiss cross-appeal challenging denial of motion for summary judgment despite interlocutory nature thereof); see also Southeastern Ceramics, Inc. v. Klem, 246 Ga. 294 (1) (271 SE2d 199) (1980) (applying rationale of Executive Jet in holding that defendant appealing grant of summary judgment to plaintiff on defendant's counterclaim could also raise on appeal the denial of defendant's motion for summary judgment against plaintiff, even though not independently appealable). This principle holds true even where the cross-appeal involves parties to the litigation other than the parties specifically involved in the main appeal. Centennial Ins. Co. v. Sandner, Inc., 259 Ga. 317 (1) (380 SE2d 704) (1989). See also OCGA § 5-6-37 (providing that "[a]ll parties to the proceedings in the lower court shall be parties on appeal").

The Court of Appeals has held that, to be cognizable, a cross-appeal must be "'tied to the appeal of an appealable order.'" Fulton v. Pilon, 199 Ga. App. 861, 862 (2) (406 SE2d 517) (1991) (dismissing cross-appeal regarding one defendant's contract cross-claim against co-defendant because it was not "tied to" main appeal involving fraud claims against both defendants). See also Holman Motor Co. v. Evans, 169 Ga. App. 610, 612 (2) (314 SE2d 453) (1984)

6

(noting that cross-appeal on interlocutory ruling was permissible because it was "tied to the appeal of an appealable order"). Though no opinion invoking this "tied to" standard has ever elaborated on the precise meaning of this language, it seems clear that the court in Fulton v. Pilon construed it as requiring some factual nexus between the issues raised in the main appeal and those raised in the cross-appeal. 199 Ga. App. at 862.

The "tied to" standard appears nowhere in the text of OCGA § 5-6-38 (a). Rather, it traces back to language from our opinion in SE Ceramics, in which we framed "[t]he first question" in the case as "whether the denial of a motion for summary judgment can be appealed without application when it is tied to the appeal of an appealable order or judgment." 246 Ga. at 294-295. In concluding that the non-final denial of summary judgment could be reviewed in the course of the main appeal, the Court made no further mention of a "tied to" standard; rather, the holding of the case is stated simply as:

> when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court.

Id. at 295. This holding tracks closely the language of current OCGA § 5-6-34 (d), the predecessor of which we cited in reaching our conclusion in SE Ceramics. Considering this "tied to" language in its proper context, we conclude that it was intended simply to connote a *jurisdictional* link, not a factual one, between the non-directly appealable issues and the directly appealable ones. Thus, we now clarify that a cross-appeal that is filed in a timely and otherwise procedurally proper manner need not be factually related to the issues raised in the main appeal; rather, as the statute states, the cross-appeal may involve "all errors or rulings adversely affecting" the appellee. OCGA § 5-6-38 (a). To the extent Fulton v. Pilon and other cases have required otherwise, those cases are overruled.[2]

---

[2]See also Payless Car Rental Sys., Inc. v. Elkik, 306 Ga. App. 389, 390, n.2 (702 SE2d 697) (2010) (appellants could challenge non-final order denying summary judgment as to certain defendants because order was "tied to" directly appealable order granting summary judgment to another defendant); Green v. Sams, 209 Ga. App. 491, 495, n.1 (433 SE2d 678) (1993) (non-directly appealable orders could be appealed where "tied to the direct appeal"); Rolleston v. Huie, 198 Ga. App. 49 (1) (400 SE2d 349) (1990) (dismissing that portion of appeal seeking to challenge non-final ruling on plaintiff's contract claim against one defendant because it was not "tied to" the appealable order on his tort claim against other defendants); Dairyland Ins. Co. v. McIntosh, 171 Ga. App. 782 (1) (321 SE2d 110) (1984) (noting that denial of motion for summary judgment may be appealed without application where it is "tied to" appeal of appealable order). Though not involving cross-appeals, we question the continued viability of the holdings in these cases in light of our

8

The remaining question is one of timing. Appellees claim that the CGAS Defendants and The Medical Center Defendants are not authorized to challenge in their cross-appeal any orders the trial court issued after the filing of the original notice of appeal. The Court of Appeals agreed with this argument. However, this position finds no basis in the text of OCGA § 5-6-38 (a), and the Court of Appeals has previously acknowledged as much. See Rhone v. Bolden, 270 Ga. App. 712 (1) (608 SE2d 22) (2004) (order denying summary judgment was properly raised on cross-appeal, where order was issued after appellants' notice of appeal was filed but prior to timely notice of cross-appeal). We therefore hold that an appellee may raise in a cross-appeal any adverse rulings issued prior to the filing of a timely notice of cross-appeal.[3]

---

conclusion herein.

[3]Because our holding rests on our interpretation of the statutory provision governing cross-appeals, it is not affected by, nor does it necessarily affect, our precedent involving attempts by appellants to effectively amend the original notice of appeal to encompass orders subsequently issued. Compare, e.g., Haggard v. Bd. of Regents, 257 Ga. 524 (4) (a) (360 SE2d 566) (1987) (post-judgment award of attorney fees under OCGA § 9-15-14 may be reviewed as part of main appeal, even if issued after filing of the notice of appeal of the underlying judgment), with e.g., Norman v. Ault, 287 Ga. 324 (6) (695 SE2d 633) (2010) (order holding appellant in contempt of underlying judgment was not properly raised in main appeal because it was rendered subsequent to the judgment appealed from).

9

In light of the above, we conclude that the Court of Appeals erred in dismissing the cross-appeals of the CGAS Defendants and the Medical Center Defendants.[4] Accordingly, we reverse and remand for further proceedings below.

Judgment reversed and case remanded. Thompson, C.J., Hines, P.J., Benham, Melton, Blackwell, JJ., and Judge Amanda Harper Mercier concur. Nahmias, J., disqualified.

---

[4]There is no dispute that all the cross-appeals were filed within the 15-day period required under OCGA § 5-6-38 (a), in light of the additional three days afforded for service by mail, see OCGA § 9-11-6 (e), and accounting for State holidays, see OCGA § 1-3-1 (d) (3).