**SECOND DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS , JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0700. MURPHY v. MURPHY.

MCFADDEN, Judge.

Nancy Michelle Murphy appeals two orders entered in this custody modification action brought by her former husband, John Murphy. John Murphy has moved to dismiss the appeal. We find that we have jurisdiction to consider Nancy Michelle Murphy's arguments regarding both orders, and we therefore deny John Murphy's motion to dismiss the appeal. We hold, however, that Nancy Michelle Murphy's challenges to the orders have no merit and find that she filed this appeal for purposes of delay. We therefore affirm and impose a frivolous appeal penalty.

Nancy Michelle Murphy and John Murphy were divorced in 2006. In 2012, John Murphy filed this action, seeking to modify the child custody provisions of the parties' divorce decree. On August 23, 2013, the trial court entered an order that

denied John Murphy's motion to temporarily change physical custody of the children, holding that physical custody would "not be changed at this time," and went on to ratify the status quo as to visitation and the parties' ongoing practices as to out of state travel. The court held that, should the parties be unable to settle all issues in the case after a custody evaluation had been completed, then the court would conduct a final hearing on the issues of custody and parenting time before November 22, 2013. On September 10, 2013, the trial court entered an order denying Nancy Michelle Murphy's motion to disqualify the guardian ad litem. On September 23, 2013, Nancy Michelle Murphy filed a notice of appeal, designating both the August 23, 2013 order and the September 10, 2013 order as the orders she was appealing.[1]

1. *Jurisdiction*.

John Murphy has moved to dismiss this appeal for two reasons: 1) that the August 23, 2013 order concerning custody does not fall within OCGA § 5-6-34 (a) (11), which allows direct appeals of "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody . . . ."; and 2) that the September 10, 2013 order concerning the guardian ad litem was entered subsequent

---

[1] Nancy Michelle Murphy moved to disqualify the members of this panel from participation in this appeal. Her motion was referred to another panel for resolution, and that panel denied her motion.

to the August 23, 2013 order. We conclude that Nancy Michelle Murphy properly filed a direct appeal from the August 23, 2013 order and that she can challenge the September 10, 2013 order in this appeal.

(a) *Custody.*

The trial court entered the August 23 order after a hearing, which, the court stated, had been for the purpose of determining "whether circumstances exist which support a temporary change in the physical custody of [the children]" from Nancy Michelle Murphy to John Murphy. The trial court decided that, at least for the time being, "[t]he physical custody of the [c]hildren shall not be changed." This amounts to a refusal to change custody. So, the order falls within the ambit of OCGA § 5-6-34 (a) (11), and Nancy Michelle Murphy properly filed a direct appeal from this order.

(b) *Pendent jurisdiction.*

We have pendent jurisdiction over Nancy Michelle Murphy's appeal of the order denying the motion to disqualify the guardian ad litem because, although that order was entered after entry of the custody order, it was entered before Nancy Michelle Murphy filed her notice of appeal. Nancy Michelle Murphy could properly file a direct appeal of the custody order under OCGA § 5-6-34 (a) (11), and she could raise on appeal "all judgments, rulings, or orders rendered in the case . . . which may

3

affect the proceedings below." OCGA § 5-6-34 (d). The September 10, 2013 guardian ad litem order is one such order. It is true, as John Murphy argues, that ample authority exists for the proposition that a party may not use OCGA § 5-6-34 (d) to challenge orders entered "not prior to or contemporaneous with that [directly appealable] judgment." *Norman v. Ault*, 287 Ga. 324, 331 (6) (695 SE2d 633) (2010). But in all of those cases, the challenged order was entered not only subsequent to the entry of the directly appealable judgment, but also subsequent to the filing of the notice of appeal. See, e.g., *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007); *Cates v. Cates*, 225 Ga. 612, 613 (3) (170 SE2d 416) (1969); *Waters v. Chase Manhattan Bank*, 308 Ga. App. 885, 887 (2) (709 SE2d 37) (2011); *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991). See also *Norman v. Ault*, supra, 287 Ga. at 331 (6) (court would not consider enumeration challenging contempt order entered after entry of divorce decree and after filing of application for discretionary appeal of divorce decree).

Here, on the other hand, the guardian ad litem order was entered in the gap between the entry of the directly appealable custody order and the filing of the notice of appeal. We have found no authority, and John Murphy has cited none, in which it was held that the appellate court could not consider a challenge to an order entered

4

in the period between the entry of the appealable judgment and the filing of the notice of appeal. Cf. *Sewell v. Cancel*, __ Ga. __ (__ SE2d __) (Case No. S13G1274, decided June 2, 2014) (appellee may raise in a cross-appeal any adverse rulings issued prior to the filing of a timely notice of cross-appeal, even if the rulings were issued after the ruling conferring appellate jurisdiction and after the filing of the notice of appeal). This unusual fact pattern distinguishes this case from the cases cited by John Murphy. Therefore we hold that we have jurisdiction to consider Nancy Michelle Murphy's challenge to the September 10 order. We observe that to do so furthers the purpose of the appellate practice act "to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in [the act itself]." OCGA § 5-6-30.

2. *The custody order*.

Nancy Michelle Murphy argues that the trial court entered the August 23 order after engaging in ex parte communications with John Murphy's attorney. She also argues that the trial court refused to allow her to present evidence or to complete cross-examination of John Murphy's witness at the August 13, 2013 hearing that resulted in the order. The record belies both arguments.

(a) *The order was not entered ex parte.*

Nancy Michelle Murphy argues that the trial court entered the order ex parte because the order was prepared by counsel for John Murphy and delivered to the trial court, which entered the order the same day. Her argument is belied by the documents of record. The cover letter reflects that counsel for Nancy Michelle Murphy was emailed this communication and proposed order by John Murphy's counsel, albeit on the same day the order was entered. Nancy Michelle Murphy has failed to support her accusation of improper ex parte communications with sworn testimony; she has not even elicited a finding of fact on this issue that would be subject to appellate review.

"Black's Law Dictionary defines 'ex parte' in this context as 'a judicial proceeding, order, injunction, etc. . . . taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.'" *Cagle v. Davis*, 236 Ga. App. 657, 661-661 (4) (a) (513 SE2d 16) (1999) (citation and emphasis omitted). The custody order was not granted at the instance of and "for the benefit of one party only." The order matched the ruling announced at the August 13 hearing, where counsel for Nancy Michelle Murphy had the opportunity to object. And it denied John Murphy's request for a temporary change of custody.

Moreover, "[o]rders prepared ex parte do not violate due process and should not be vacated unless a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair." *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005) (citation and punctuation omitted). Nancy Michelle Murphy has shown no harm as the order matches the announced ruling. She has not demonstrated that the process by which the trial court arrived at its order was fundamentally unfair. Her argument that the custody order is invalid because it was entered ex parte is frivolous.

(b) *The trial court did not commit reversible error by entering the order before Nancy Michelle Murphy had presented evidence.*

Nancy Michelle Murphy argues that the trial court entered the order after denying her the right to present evidence in violation of *Shore v. Shore*, 253 Ga. 183 (318 SE2d 57) (1984). She correctly asserts that the trial court ended the hearing for the day – past 6:00 p.m. – and entered the order ten days later and that she had not presented evidence. But at the hearing, after attempting to determine a day when the hearing could resume, the trial court explained that "of course [John Murphy has] the burden on [his] case and [he] will have finished [his] case" but that the court "may decide at that point [he did not] need to hear anything else." Counsel for Nancy

7

Michelle Murphy responded, "All right." The court further explained that after hearing from the guardian ad litem, he would "decide whether [he thought] we need to go any further or [he], at that point, [could] say something about, you know, what [he thought they] need to do."

About an hour before concluding for the day, after an unrecorded, 45-minute conference with the lawyers (in which, according to John Murphy, the guardian ad litem participated ), the trial court explained that he needed a custody evaluation by an expert custody evaluator. He explained that until he received the evaluation, he would maintain the status quo, but emphasized that John Murphy would get every visitation to which he was entitled, and as long as he returned the children on time to Nancy Michelle Murphy, he could take them out of state. In his appellate brief, John Murphy represents that at the unrecorded bench conference, counsel for the parties discussed the trial court's proposed resolution of the hearing, and the trial court adopted a recommendation of counsel for Nancy Michelle Murphy.

The trial court's written order denied John Murphy's request for a temporary change in custody. It ordered the parties to "continue the parenting time with the [c]hildren as detailed in the [f]inal [d]ecree," but specified that "[t]here shall be no requirement that a party be limited to exercising parenting time with the [c]hildren in

8

the State of Georgia." It added that "[t]o clarify the every-other-weekend schedule contained in the [f]inal [d]ecree, [John Murphy] shall exercise his parenting time with the [c]hildren beginning Friday, August 23, 2013," the day the order was entered. The court ordered a full custody evaluation by a particular doctor and specified the conditions of that evaluation. Finally, the court ruled that should the parties be unable to settle all issues after the custody evaluation was completed, it would conduct a final hearing on or before November 22, 2013.

Nancy Michelle Murphy correctly argues that the trial court "must consider all facts and conditions which present themselves up to the time of rendering the judgment" in a change of custody proceeding, *Shore*, 253 Ga. at 184. But here, she has failed to show the preservation of error or harm. When the trial court stated that he might not "need to hear anything else" once John Murphy presented his case, given that it was John Murphy's burden to prove his case, counsel for Nancy Michelle Murphy responded, "All right." She has given us no indication of what occurred during the 45-minute, unrecorded conference, which apparently included a discussion about suspending the hearing until the completion of the custody evaluation. Nancy Michelle Murphy has not satisfied her burden of showing error by the record. *Rohatensky v. Woodall*, 257 Ga. App. 801, 801-802 )(1) (572 SE2d 354) (2002).

9

As for harm, as she concedes in her appellate brief, the August 23 order simply maintained the status quo established by the terms of the divorce decree and denied John Murphy's request to change custody on a temporary basis. Therefore, Nancy Michelle Murphy has not demonstrated that she was harmed by being denied the opportunity to present evidence.

To the extent that she argues that the order improperly modified visitation without her having the opportunity to present evidence by changing John Murphy's visitation from August 16 to August 23, we find no harm. As the trial court explained in the order, he was simply "clarify[ing] the every-other-weekend schedule contained in the [f]inal [d]ecree." To the extent Nancy Michelle Murphy argues that the order modified visitation by allowing John Murphy to exercise his visitation outside the state of Georgia, the court was simply formalizing the parties' practice, given that John Murphy resides out of state. Indeed, at the hearing, Nancy Michelle Murphy, who was called for purposes of cross-examination, admitted that she, too, had taken the children out of the state of Georgia.

Even if Nancy Michelle Murphy was denied the opportunity to present evidence, she has failed to show any harm and thus has failed to show reversible error. See *Alejandro v. Alejandro*, 282 Ga. 453, 456 (7) (651 SE2d 62) (2007). See

also *In the Interest of S. P.*, 282 Ga. App. 82, 85 (3) (637 SE2d 802) (2006) (mother in deprivation proceeding was not entitled to reversal because she did not show any harm based on her absence from hearing, as she did not demonstrate what evidence she would have provided that would have changed the outcome of the hearing).

The trial court made it very clear that he was merely suspending the hearing for the day, directing that there be a forensic examination before the hearing resumed, and entering an interim order designed to preserve the status quo. That interim order was favorable to Nancy Michelle Murphy as to the central issue, change of custody. Nancy Michelle Murphy had an opportunity to object when the trial court announced his ruling, as well as in the unrecorded conference, and has waived this argument. Her appeal on this issue is frivolous.

3. *The guardian ad litem order.*

Nancy Michelle Murphy argues that the trial court erred by denying her motion to disqualify the guardian ad litem and by failing to conduct a hearing on the motion. We disagree.

A trial court's decision not to disqualify a guardian ad litem is reviewed for an abuse of discretion. See *Wrightson v. Wrightson*, 266 Ga. 493, 497 (6) (467 SE2d 578) (1996).

11

Nancy Michelle Murphy's argument is that the guardian ad litem unlawfully converted funds to her personal use. This accusation is also belied by the record. The guardian ad litem used funds from her retainer for travel to visit the children at John Murphy's residence in Tennessee. Uniform Superior Court Rule 24.9 (4) expressly authorizes the guardian ad litem "to examine any residence wherein any person seeking custody or visitation rights proposes to house the minor child."

To the extent that Nancy Michelle Murphy argues that the guardian ad litem should have secured advance approval for the use of the funds, we find that the trial court acted well within the bounds of his discretion. Nancy Michelle Murphy relies on Uniform Superior Court Rule 24.9 (8) (g), which states:

> It shall be within the [c]ourt's discretion to determine the amount of fees awarded to the [guardian ad litem], and how payment of the fees shall be apportioned between the parties. The [guardian ad litem's] requests for fees shall be considered, upon application properly served upon the parties and after an opportunity to be heard, unless waived. In the event the [guardian ad litem] determines that extensive travel outside of the circuit in which the [guardian ad litem] is appointed or other extraordinary expenditures are necessary, the [guardian ad litem] may petition the [c]ourt in advance for payment of such expenses by the parties.

Uniform Superior Court Rule 24.9 (8) (g). Assuming that the guardian ad litem violated the rule by failing to secure advance permission before drawing down on her retainer for reimbursement for travel – travel that was entirely appropriate, and indeed necessary – there is nothing to support Nancy Michelle Murphy's contention that the trial court abused his discretion by rejecting her argument that, as a consequence, the guardian ad litem's removal was necessary. Nancy Michelle Murphy simply and frivolously mischaracterizes the guardian ad litem's actions as law-breaking and her conduct as the illegal, unlawful conversion of money she held in trust.

Contrary to Nancy Michelle Murphy's contention on appeal, a hearing was not required. Uniform Superior Court Rule 6.3 provides, "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." Nancy Michelle Murphy has pointed to no authority that – and indeed, does not even explain why – the trial court erred by denying her motion to disqualify the guardian ad litem without first conducting a hearing. See *Odom v. Hughes*, 293 Ga. 447, 450 (1) (748 SE2d 839) (2013); Uniform Superior Court Rule 6.3.

Nancy Michelle Murphy's arguments regarding the trial court's denial of her motion to disqualify the guardian ad litem are frivolous.

4. *Frivolous appeal penalty.*

We may impose a penalty under Court of Appeals Rule 15 in cases where the appellant could have no reasonable basis upon which to anticipate that this court would reverse the trial court's judgment. *Hardwick v. Williams*, 272 Ga. App. 680, 683 (3) (613 SE2d 215) (2005). As detailed above, Nancy Michelle Murphy's arguments are not merely meritless but frivolous. Nancy Michelle Murphy could not have reasonably anticipated reversal by this court on any ground alleged. We conclude that Nancy Michelle Murphy has appealed purely for the purpose of delaying resolution of John Murphy's custody modification petition – an act that is antithetical to the children's best interests. See *Freese II, Inc. v. Mitchell*, 318 Ga. App. 662, 668 (7) (734 SE2d 491) (2012).

The frivolousness and dilatoriness of Nancy Michelle Murphy's appeal are aggravated by her repeated violations of Court of Appeals Rule 10. That rule provides, "Personal remarks, whether oral or written, which are discourteous or disparaging to any judge, opposing counsel, or any court, are strictly forbidden." Nancy Michelle Murphy's appellate brief contains numerous direct violations of Rule

14

10, as well as numerous discourteous or disparaging remarks about other persons involved in the case, particularly John Murphy's wife. Notwithstanding Rule 10, we recognize that cases arise where counsel must show that the issue is not merely error but misconduct. In such cases counsel should take particular care to summarize and cite the record accurately and to use a tone that is respectful and appropriate to the seriousness of the issues. Such care and respect are wholly absent from Nancy Michelle Murphy's brief.

Accordingly, under Court of Appeals Rule 15, each of Nancy Michelle Murphy's counsel shall pay a penalty of $1,250, a total of $2,500. This penalty shall constitute a money judgment in favor of John Murphy against each of Nancy Michelle Murphy's counsel, and the trial court is directed to enter judgment in such amount upon return of the remittitur in this case. Court of Appeals Rule 15 (c); *Wieland v. Wieland*, 216 Ga. App. 417, 418 (3) (454 SE2d 613) (1995).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*