# Court of Appeals
# of the State of Georgia

ATLANTA, November 19, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0125. DARWIN POMPEY v. ARENTRIA MURRAY et al.**

In 2022, the trial court entered a legitimation order recognizing Darwin Pompey as the father of a minor child, as well as a parenting plan awarding him joint custody and visitation with the child. Pompey subsequently filed a motion for modification of custody, visitation, and child support , Arentria Murphy filed a motion to set aside the legitimation order, and Tyrue Smith filed a petition to intervene as the biological father of the child. In 2024, the court held a final hearing to address these and other pending motions. The court determined that Smith was the biological father of the child, not Pompey. As a result, the court set aside the 2022 legitimation order and parenting plan, but established Pompey as an equitable caregiver. The court entered a new parenting plan that awarded Pompey limited visitation with the child; he was not awarded custody. The court also entered a separate order that same day, finding Pompey in contempt of two prior custody orders. Pompey filed a motion for reconsideration of the court's orders, or alternative motion for new trial, which the court denied. Pompey has now filed an application for discretionary appeal.

Ordinarily, appeals of orders in domestic relations cases must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2), (b). However, under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" are directly appealable. See OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a

child is an issue. . .").

Here, pretermitting whether the trial court's order setting aside the legitimation order and modifying the parenting plan is a child custody order subject to direct appeal, Pompey also seeks to appeal from the trial court's order holding him in contempt of child custody orders. That contempt order is directly appealable under OCGA § 5-6-34 (a) (11).[1] In addition, because Pompey's direct appeal of the contempt order is proper, he may raise on appeal "all judgments, rulings, or orders rendered in the case . . . which may affect the proceedings below[,]" even if those orders are not otherwise subject to direct appeal. OCGA § 5-6-34 (d). See also *Murphy v. Murphy*, 328 Ga. App. 767, 768 (1) (b) (759 SE2d 909) (2014).

This Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Pompey shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-35 (g). If Pompey has already filed a notice of appeal in the trial court, then he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__11/19/2024_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Pompey's motion for a new trial tolled the 30-day deadline for filing an application from the orders he seeks to appeal, and his application was timely filed within 30 days of entry of the order denying his motion for a new trial, in which he challenged the contempt order. See OCGA § 5-6-35 (d).