**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 17, 2025

# In the Court of Appeals of Georgia

A25A0660. RAMPERSAD v. THE PLANTATION AT BAY CREEK HOMEOWNERS ASSOCIATION, INC.

HODGES, Judge.

This case originates from Kavita Rampersad's ten-year failure to pay her community's required annual assessments. In this second appearance of this case in this Court, Rampersad appeals pro se an order of the Superior Court of Gwinnett County dismissing her counterclaim for attorney fees against The Plantation at Bay Creek Homeowners Association, Inc. and setting aside as fraudulent her transfer of the real property subject to the assessments (the "subject property"). Although Rampersad raises ten enumerations of error, we have jurisdiction to consider only two. For the following reasons, we affirm.

*Factual Background.* To resolve Rampersad's current appeal, a review of the procedural history between these parties, as outlined in the earlier appeal, will be helpful. In *Rampersad v. The Plantation at Bay Creek Homeowners Assn.*, we stated that

> [t]he Plantation at Bay Creek Homeowners' Association [the "HOA"] sued to recover unpaid assessments on a residential property on Creek Bottom Road in Loganville, Georgia. The initial complaint named only Roshni Patel ("Roshni") and Chandani Patel ("Patel") as defendants. As the suit progressed, the HOA amended its complaint to (1) add Kavita Rampersad and three corporate defendants, all of whom had appeared in the property's recent chain of title, and (2) seek additional remedies, including judicial foreclosure. In March 2017, after the HOA was unable to perfect service on any of the four additional defendants, the action was dismissed without prejudice.
>
> In June 2017, the HOA sued the same six defendants a second time to recover the unpaid assessments, and it again sought damages and judicial foreclosure. Service was perfected on Roshni and the three corporate defendants, but the HOA was not able to perfect service on Rampersad and Patel. As a result, the trial court appointed special process servers, but their service attempts were also unsuccessful. The HOA then sought to depose Roshni to get the contact information for Rampersad and Patel, but according to an affidavit submitted by the HOA's counsel, Roshni "refused to provide any information." The HOA then moved to serve Rampersad and Patel by publication, and the court granted the

motion. The required notices were published in the Gwinnett Daily Post in August and September 2018.

In November 2018, Rampersad and Patel each filed an answer. These answers were untimely because they were filed more than 60 days after the July 31, 2018, order granting service by publication. Rampersad and Patel also moved for a continuance of the trial, which had been placed on the trial calendar for the weeks of November 26-30 and December 3-7, 2018. None of these motions were ruled on before the case was called for trial on November 26, 2018, and none of the defendants appeared at the trial. At the trial, after hearing from a single witness called by the HOA, and then from the HOA's counsel about attorney fees and costs, the court entered judgment in favor of the HOA. The final order imposed a $14,231.40 lien on the property and authorized a foreclosure on the property to satisfy the lien.[1]

In December 2018, Rampersad moved to set aside the judgment. She challenged the sufficiency of service and claimed, among other things, that she had never received either the trial notice or a copy of the court's judgment. For her part, Patel filed a notice of appeal in January 2019. In June 2020, this Court dismissed the appeal as untimely. *Patel v. The Plantation at Bay Creek Homeowners' Association, Inc.*, 355 Ga. App. XXVII (Case No. A20A0178) (June 26, 2020) (unpublished). After that

---

[1] The trial court's November 26, 2018 final order entered judgment against each of the six defendants. Only Patel and Rampersad pursued any appellate remedies, such that they were the only two remaining defendants at that time.

dismissal, Patel filed her own motion to set aside in the trial court. In August 2020, the trial court entered a summary order denying the motions to set aside. It does not appear that any hearing was held before the motions were denied.

On September 1, 2020, the Gwinnett County Sheriff held a foreclosure sale, at which the property was sold for $110,000. In the meantime, both Rampersad and Patel timely applied for discretionary appeal from the denial of the motions to set aside, and their applications were granted. Soon after, the HOA filed a "Motion to Compel Interpleader of Foreclosure Proceeds," noting that, on the HOA's request, the Sheriff was currently holding the funds from the foreclosure sale and asking the court to order the funds to be "held in the Court's registry pending disposition of the appeals." The motion was granted, and the buyer's cashier's check was placed in the registry of the court.

(Footnotes omitted.) 362 Ga. App. 329, 329-331 (868 SE2d 475) (2022) ("*Rampersad I*"). We vacated the trial court's order denying Rampersad's motion to set aside the judgment,[2] directing the trial court to consider: "(a) whether the HOA exercised the required diligence in its efforts to perfect service on [Rampersad]; (b) if so, whether

___

[2] In the same opinion, we dismissed Patel's companion appeal, noting that "her decision to pursue an untimely appeal earlier—rather than moving to have the judgment set aside, as Rampersad did—forecloses this second effort to seek appellate review now." *Rampersad I*, 362 Ga. App. at 332 (2). With that, Patel's case was at an end, leaving Rampersad as the sole remaining defendant.

4

she received sufficient notice of the trial date as required by OCGA § 9-11-40 (c); and (c) if she was properly served and notified of the trial date, whether the court notified Rampersad of the judgment as required by OCGA § 15-6-21 (c)." Id. at 336.

On remand, the trial court granted Rampersad's motion to set aside in an August 2022 order, concluding that the HOA had not "exercised reasonable diligence under the set of facts in this case in attempting to personally serve Defendant Rampersad." After additional unsuccessful efforts to serve Rampersad personally, the trial court again authorized the HOA to serve her by publication in November 2022. Rampersad answered in January 2023 and included a counterclaim for attorney fees, apparently pursuant to OCGA § 13-6-11.[3] Four days later, the HOA moved for summary judgment. Contemporaneously with her response to the HOA's motion, Rampersad filed an amended answer and counterclaims for wrongful foreclosure and attorney fees (again, apparently under OCGA § 13-6-11).

Following a hearing, the trial court granted the HOA's summary judgment motion in a May 9, 2023 order and awarded the HOA damages and attorney fees

---

[3] Although Rampersad did not cite to a specific code section related to attorney fees, her counterclaim asks for attorney fees because the HOA "has acted in bad faith, has been stubbornly litigious, and has caused [Rampersad] unnecessary trouble and expense[,]" thus tracking the language of OCGA § 13-6-11.

totaling $29,854.39. The HOA filed a case disposition form on June 1, 2023, identifying each of the original six defendants and noting that the case had been closed by a "Non-Trial Disposition." Rampersad timely filed a notice of appeal on June 7, 2023, but filed a "Voluntary Dismissal of Defendant's Notice of Appeal" through her then-counsel on November 28, 2023 in which she acknowledged that "this dismissal will conclude the above-styled action, and Plaintiff shall be entitled to file the Final Disposition Form."

More than three months later, purportedly as part of the same action and for reasons not evident from the record, the HOA filed a motion on March 1, 2024 to set aside as fraudulent Rampersad's transfer of the subject property to Jayram Kumar Yaduvanshi, who then transferred the property to Roshni;[4] Rampersad did not respond to the HOA's motion. And although she did file a brief in support of her counterclaim for attorney fees on July 15, 2024,[5] Rampersad withdrew her counterclaims one week later. Yet in an October 14, 2024 order, the trial court

---

[4] Rampersad transferred the property to Yaduvanshi via quitclaim deed on May 1, 2023 — three days before the hearing on the HOA's summary judgment motion.

[5] There was no briefing as to Rampersad's counterclaim for wrongful foreclosure.

dismissed Rampersad's counterclaims[6] and set aside as fraudulent Rampersad's transfer of the subject property. This appeal followed.[7]

1. Considering her ninth enumeration first,[8] Rampersad contends that the trial court erred in dismissing her counterclaims. This argument is patently frivolous, as Rampersad herself acknowledges that she withdrew her counterclaims on July 22, 2024 and that, as a result, "there was no counterclaim for the court to dismiss."[9]

---

[6] The trial court's order, prepared by the HOA's counsel, states that it granted the HOA's "Motion to Dismiss Defendant Rampersad's Counterclaim." However, our review of the record does not reveal any such motion. For the reasons explained infra, the court's apparent misstatement is without consequence.

[7] We note that Rampersad's notice of appeal identified the trial court's October 14, 2024 order "along with all the orders entered by [the trial] court" after January 21, 2022. In her appellant's brief, however, Rampersad states only that her appeal "arises from a Final Order issued by [the trial court] on October 14, 2024."

[8] See, e.g., *McLeod v. Costco Wholesale Corp.*, 369 Ga. App. 717, 720 (1), n. 7 (894 SE2d 442) (2023) ("For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them.") (citation and punctuation omitted).

[9] Unburdened by her admission, Rampersad nevertheless asks this Court to reinstate her "right to re-file the counterclaims" without citing a single authority in support of her request. See Court of Appeals Rules 25 (a) (7) ("At a minimum, the appellant's brief must include . . .[t]he argument, which must cite the authorities relied on. . . ."); 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). We decline Rampersad's invitation.

Inasmuch as a party cannot "appeal from [a claim] which has been terminated by her own hand[,]" *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995), this enumeration is wholly without merit.[10]

2. Next, Rampersad initially argued that the trial court erred in setting aside as fraudulent her transfer of the subject property. However, Rampersad voluntarily withdrew this enumeration in her reply brief in this Court "for strategic purposes[.]"[11] Therefore, we need not consider the enumeration.[12]

---

[10] Even so, Rampersad's counterclaims died on the vine of the trial court's order granting the HOA's summary judgment motion. See, e.g., *Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.*, 339 Ga. App. 558, 563 (2) (794 SE2d 413) (2016) ("[A] prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim.") (citation and punctuation omitted).

[11] Even absent withdrawal of the enumeration, it was due to be deemed abandoned as Rampersad failed to cite a single authority in support of her argument, in contravention of our rules. See Court of Appeals Rules 25 (a) (7); 25 (d) (1).

[12] Nor do we reach the procedural anomaly presented by the HOA's filing of, in a civil matter that has been closed, its motion to set aside the fraudulent transfer of the subject property. Cf. *Brown v. King*, 266 Ga. 890, 891 (2) (472 SE2d 65) (1996) (recognizing, in the context of a contempt proceeding, that Uniform Superior Court Rule 39.2 "requires clerks to enter a separate case number for all actions civil in nature, except adoptions"); see OCGA § 15-6-61 (a) (4) (A) ("An automated civil case management system which shall contain *separate case number entries for all civil actions filed in the office of the clerk, including . . .* motions and modifications on closed civil actions, any postjudgment proceeding filed more than 30 days after judgment or

3. Before proceeding further, we pause to highlight that Rampersad's October 28, 2024 notice of appeal specifically cited the trial court's October 14, 2024 order — dismissing her counterclaims and setting aside as fraudulent her transfer of the subject property — as the procedural vehicle to support jurisdiction for her appeal. And now, Rampersad has admitted "there was no counterclaim for the [trial] court to dismiss" and has withdrawn her challenge to the HOA's fraudulent transfer claim. Against this backdrop, we turn to the remainder of Rampersad's arguments.

In her remaining eight enumerations of error, Rampersad devotes the bulk of her briefing to arguments related to the trial court's May 9, 2023 order granting the HOA's summary judgment motion. However, due to her withdrawal of her original notice of appeal, we do not consider these enumerations.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a).

---

dismissal in an action, and all other actions civil in nature except adoptions[.]") (emphasis supplied); Uniform Superior Court Rule 39.2 ("The Civil Docket *shall contain separate case number entries for all civil actions filed in the office of the clerk including*: . . . modifications on closed civil actions[] and all other actions civil in nature, except adoptions.") (emphasis supplied).

> The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. It follows that, if no proper and timely notice of appeal has been filed, then we must dismiss the appeal for lack of jurisdiction.

(Citations and punctuation omitted.) *Harned v. Piedmont Healthcare Foundation*, 356 Ga. App. 870, 871-872 (849 SE2d 726) (2020); see also *Price v. Dozier*, 348 Ga. App. 283 (821 SE2d 566) (2018).

Here, the trial court entered its "Final Order and Judgment" granting summary judgment to the HOA in full on May 9, 2023.[13] As a result, Rampersad had until June

---

[13] The trial court's order did not mention Rampersad's counterclaim for attorney fees pursuant to OCGA § 13-6-11. However, we note that the HOA's complaint sought damages as well as the remedy of judicial foreclosure, and the trial court granted judgment to the HOA on both claims. As a result, the trial court's order is properly characterized as granting summary judgment to the HOA in full. It follows that a party's option to pursue, at a later time, an appeal from a *partial* grant of summary judgment was not available to Rampersad. See generally OCGA § 9-11-56 (h). Moreover, Rampersad's claim in her reply brief that "there are multiple defendants and multiple claims[,]" which could allow her to appeal at a later date, rings false. As we have noted, by the time the trial court entered summary judgment in the HOA's favor, Rampersad was the only remaining defendant. See nn. 1 - 2, supra. Accordingly, the lack of a statement by the trial court reserving the question of OCGA § 13-6-11 attorney fees is of no moment. See *Rigby*, 339 Ga. App. at 563 (2) (holding that a party must prevail on its underlying claims as "a prerequisite to any award of attorney fees under OCGA § 13-6-11"); *Nissan Motor Acceptance Corp. v.*

8, 2023 to file a timely notice of appeal. See OCGA §§ 5-6-34 (a) (1) (B) (providing for direct appeals from final judgments); 5-6-38. In fact, she timely filed a notice of appeal on June 7, 2023. However, on November 28, 2023, Rampersad filed a "Voluntary Dismissal of Defendant's Notice of Appeal" in which she stated that "this dismissal will conclude the above-styled action, and Plaintiff shall be entitled to file the Final Disposition Form[,]" which, as demonstrated by the record, had already been filed.

Accordingly, once she withdrew her notice of appeal, there was no notice of appeal pending after the 30-day window in which to file a notice expired. See *Harned*, 356 Ga. App. at 872; *Albert v. Bryan*, 150 Ga. App. 649, 650 (258 SE2d 300) (1979) ("When the plaintiffs dismissed their [notice of] appeal[,] this [C]ourt no longer had jurisdiction to review the appeal after 30 days of the rendition of the judgment."); see also *Ghee v. Target Nat. Bank*, 282 Ga. App. 28, 28-29 (637 SE2d 742) (2006) (noting that, since party's "voluntary dismissal of her . . . notice of appeal [from a grant of summary judgment] operated to dismiss her direct appeal," this Court "no longer ha[d] jurisdiction to hear her appeal from that judgment"). At that point,

*Stovall Nissan*, 224 Ga. App. 295, 301 (6) (480 SE2d 322) (1997) ("[A]n OCGA § 13-6-11 claim cannot be sustained on claims which are no longer pending[.]").

Rampersad's case was at an end: the HOA had been awarded a final judgment against Rampersad, its case had been administratively closed, Rampersad failed to appeal the final judgment, and there were no viable counterclaims by Rampersad. Therefore, in view of the absence of a notice of appeal, we do not have jurisdiction to consider Rampersad's remaining enumerations of error. See *Harned*, 356 Ga. App. at 872; *Ghee*, 282 Ga. App. at 28-29; *Albert*, 150 Ga. App. at 650.[14]

Stated succinctly, Rampersad cannot appeal from an order dismissing counterclaims that she herself had already voluntarily withdrawn. In addition, Rampersad withdrew her enumeration related to the HOA's fraudulent transfer claim. Finally, Rampersad withdrew her notice of appeal from the trial court's May 9, 2023 order granting the HOA's summary judgment motion in full, such that we are now precluded from considering her remaining arguments. Therefore, we affirm the trial court's October 14, 2024 order.

---

[14] Nor has Rampersad cited any authority to support the novel argument that, "as a matter of law, [she] is entitled to a ruling in all the enumerated errors in her favor as if consented or unopposed."

4. We next consider, in the exercise of our inherent power, whether a penalty for a frivolous appeal is warranted. For the following reasons, we conclude that such a penalty is appropriate.

Court of Appeals Rule 7 (e) (2) provides: "The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $2,500 against any party and/or a party's counsel in any civil case in which there is a direct appeal … that is determined to be frivolous." "An appeal is frivolous if it is filed only to delay the enforcement of the trial court's judgment. Delay can be assumed where an appeal lacks merit. If an appellant knew *or should have known* that an appeal was ill-founded, sanctions should issue." (Citation and punctuation omitted; emphasis supplied.) *Vaughn v. Roberts*, 282 Ga. App. 840, 841 (640 SE2d 293) (2006); see also *Murphy v. Murphy*, 328 Ga. App. 767, 774 (4) (759 SE2d 909) (2014).

"As detailed above, [Rampersad's] arguments are not merely meritless but frivolous[,]" and Rampersad "could not have reasonably anticipated reversal by this [C]ourt on any ground alleged." *Murphy*, 328 Ga. App. at 774 (4). Therefore, we conclude that Rampersad "has appealed purely for the purpose of delaying

13

resolution" of the HOA's judgment. Id. Accordingly, we exercise our inherent power to impose a frivolous appeal penalty against Rampersad in the amount of $2,500. This penalty shall constitute a money judgment in favor of the HOA against Rampersad, and the trial court is directed to enter judgment for such amount upon return of the remittitur in this case. See Court of Appeals Rule 7 (e) (3) ("Upon filing of the remittitur in the trial court, the penalty may be collected as are other money judgments.").

*Judgment affirmed. McFadden, P. J., and Pipkin, J., concur.*